JOHN G. NATTINGER

*v.*

CHARLES B. WARE.

1. RECORDING ACT — *whether a deed takes effect as notice from the time of filing for record — effect of misdescription in recording.* Under the recording act of 1833, a deed took effect as notice to subsequent purchasers and incumbrancers, from the time of filing it for record, and the grantee in the deed is none the less protected because of a recording of the deed with a misdescription of the premises.

2. SAME — *whether that rule was changed by the act of* 1837. Nor was the act of 1833 repealed or changed in that regard by the act of July 31, 1837, so as to make the deed notice only from the date of its actual record. The object of the latter act was simply to authorize the recording of all instruments in writing relating to real estate, although not acknowledged or proven in conformity with the laws of the State, and to make such instruments as effectual, in the way of notice to subsequent purchasers, as if they had been properly acknowledged.

3. SAME — *construction of the act of* 1837. Nor, it seems, is the act of 1837 to be given such a construction as to make the class of instruments therein provided for, effectual in the way of notice only from the time of their actual record. When that law was passed a deed was considered as legally recorded at the moment it was filed for record, and there is no doubt the term "recording" was used in this act in that sense.

WRIT OF ERROR to the Circuit Court of La Salle county; Hon. MADISON E. HOLLISTER, Judge, presiding.

This was an action of covenant, instituted by the plaintiff in error, in the court below, against the defendant in error, for an alleged breach of warranty in the title to certain premises.

The facts in the case are substantially as follows : On the 29th day of October, 1856, the defendant and wife conveyed to plaintiff, by a warranty deed, for a consideration of $3,000, a part of lot four, block eighteen, original town of Ottawa, commencing at the south-west corner, thence north 75 feet, east 51 feet, south 75 feet, west 51 feet to beginning. The defendant claimed title through one Jabez Fitch. Fitch, on the 22d day of March, 1837, being the owner of the premises, conveyed the same to one Chester Hall, together with other lots. This deed was filed for record October 31, 1837, but, by mistake of the recorder, the word "seventy-five," in the description of the premises, was written on the record "twenty-five," making a misdescription of the premises. This deed was twice subsequently recorded, but not until the last time, October 2, 1841, was it correctly done. Hall and wife conveyed the premises March 1, 1838, to defendant. At the April Term, 1838, of the La Salle Circuit Court, a judgment was rendered against Fitch and one Solon Knapp, for $508, and costs of suit ; and, on the 25th day of March, 1841, execution was issued against

Fitch, and levied upon the following part of said lot four: commencing at the south-west corner, thence east 29½ feet, north 75 feet, west 29½ feet, south 75 feet to place of beginning. June 16th, 1841, the premises were sold at sheriff's sale, and purchased by one John V. A. Hoes, for $400. That, on April 11, 1845, another execution was issued on said judgment, and levied on the following part of said lot four: commencing 29½ feet east of the south-east corner of said lot, thence east 21 feet, thence north 75 feet, thence west 21 feet, thence south 75 feet to beginning, which was also purchased by said Hoes.

The plaintiff alleges that he was compelled to and did, on the 1st of September, 1856, purchase the same from Hoes for $500.

The declaration contained a second breach, upon which the plaintiff, by agreement, recovered judgment for $137.79 and costs.

The plaintiff appeals to this court, asking that he may recover, in addition to the judgment below, the sum of $500, with six per cent interest from September 1, 1856; it being agreed that this court may render final judgment in the case.

Mr. GEORGE C. CAMPBELL, for the plaintiff in error.

Messrs. LELAND & BLANCHARD, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This record presents the single question, whether a deed, properly executed and acknowledged, and filed for record on the 31st day of October, 1837, but recorded with a misdescription of the premises, will protect the grantee against subsequent purchasers and incumbrancers. It is insisted by the plaintiff in error, that, although a deed, under the law of 1833, took effect as notice to subsequent purchasers from the time of filing it for record, yet, under the act of July 31, 1837, the rule was so changed as to make the deed notice only from the date of its actual record, and that this new rule continued in force up to the session of 1845.

The law of 1833 was as follows:

" SEC. 5. That from and after the first day of August next, all deeds and other title papers which are required to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record in the county where the said lands may lie." Purple's Real Estate Stat. 489, § 5.

The law of 1837 was as follows:

" SEC. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly:* That the recording of any deed, grant, bargain, sale, lease, release, mortgage, defeasance, conveyance, bond, contract, or agreement of and concerning any lands, tenements or hereditaments, or whereby the same may be affected in law or equity, whether executed within or without the State, by the recorder of the county in which the lands, tenements, hereditaments, intended to be affected are situated, shall be deemed and taken to be notice to subsequent purchasers and creditors from the date of such recording, whether the said writing shall have been acknowledged or proven in conformity with the laws of the State or not. Provided, that no such writing, not acknowledged or proven in conformity with the laws of the State to entitle the same to be recorded, shall be admitted as evidence in any court, unless execution thereof be proven in the manner required by the rules of evidence applicable to such writings; and the provisions of this act shall apply as well to writings heretofore as those hereafter admitted to record."

It has been twice decided by this court, in *Cook* v. *Hall*, 1 Gilm. 575, and *Merrick* v. *Wallace*, 19 Ill. 486, that the failure of the recorder properly to record a deed, would not invalidate the title of the grantee, who had done all that was required of him by the law in leaving the deed for record. The counsel for plaintiff in error, speaks of both of these cases as arising under the law of 1833.

This is true of the last case, but in the first, the deed was made and recorded in 1840, while the law of 1837, now relied upon, was in force, although the court in their opinion do not allude to that law, probably for the reason, that they did not regard it as changing, in this respect, the law of 1833. But, apart from the authority of that case, and supposing that the law of 1837 was accidentally overlooked by both court and counsel, we entertain no doubt as to the proper decision of this question. The legislature, in enacting the law of 1837, did not repeal or change the law of 1833, upon the point in controversy. Their object was simply to authorize the recording of all instruments in writing relating to real estate, although not acknowledged or proven in conformity with the laws of the State, and to make such instruments as effectual in the way of notice to subsequent purchasers, as if they had been properly acknowledged. It is contended that the then existing recording laws had this effect. But such clearly was not the understanding of the legislature, nor has it ever been that of the profession. The construction always given in the courts of other states to registry acts similar to our law of 1827, has been, that deeds not acknowledged or proven in conformity to law, were not entitled to record, and were not notice when recorded, and no one can read the law of 1837, without seeing that the legislature so understood the rule in this State, and passed that act in order to establish a different and more liberal one. The same idea prevailed at the revision of 1845, and the substance of this act is made the subject of a distinct section in the chapter of conveyances. When this was so clearly the object of the law, we should be doing violence to every principle of construction, if we were to say, that, in using the term "recording," instead of the phrase "filing for record," the two expressions being often used in common parlance as equivalents of each other, the legislature designed to introduce a most material and objectionable rule of property, entirely aside from the specific object of the law it was enacting. We say objectionable rule, because the legislature ought not to take from a purchaser the benefit of his contract, and divest

his title to property, when he has done all that it is in his power to do for the purpose of giving notice to subsequent purchasers by filing his deed in apt time for record. It is not in his power to record it. That duty is to be performed by an officer furnished by the law-making power, and if such officer is incompetent or untrustworthy, shall the penalty be visited upon the prior purchaser, who has done all that belongs to him to do, or that it is possible for him to do?

We are not prepared to admit that the legislature would have the constitutional power to enact such a law. It can impose duties and provide, that, for failure to perform them, a man shall lose his property, but can it say that a purchaser shall lose his estate, because of the delinquency of an officer whom he cannot control, and when he has performed any duty required of him by the law? Whatever may be said of the power of the legislature, courts will not give to its enactments so objectionable a construction, unless the language adopted clearly requires it. When the law of 1837 was passed, a deed was considered as legally recorded at the moment it was filed for record, and we have no doubt the term "recording" was used in this act in that sense.

Again, it is to be remembered, that courts do not favor repeals by implication, and if the act of 1833 is repealed by that of 1837, it is only by implication. For the act of 1837 relates to a class of deeds not within the purview of the act of 1833. The former applied to deeds acknowledged or proven according to law, and the latter to those not so acknowledged or proven. Even if the legislature intended that this class of deeds should only take effect as notice from the time of their being actually reduced to record, it does not therefore follow that the former act should cease to operate as to those deeds that had been acknowledged or proven in conformity with the laws of this State, and it is admitted that the deed in controversy falls within this class.

The judgment of the court below is affirmed.

*Judgment affirmed.*