# W. E. Lyon, composing the firm of W. E. Lyon & Company, Appellee, v. Aaron T. White and the Fidelity and Casualty Company of New York, Appellants.

1. Appeal and error, § 1063*—*when assignment of error insufficient.* An assignment of error that "The court erred in sustaining the demurrer to plea number........as filed by defendants," presented no error requiring consideration, where a demurrer was sustained to several pleas and there was no way in which the court could tell which plea defendants had in mind in making such assignment of error.

2. Pleading, § 117*—*what admitted by failure of plea to deny.* When a matter material to plaintiff's right to recover is alleged in a declaration and is not denied by a plea, such matter is to be regarded as admitted and will be presumed to be true.

3. Mechanics' liens, § 62*—*what necessary to bar subcontractor's lien.* Before a subcontractor or materialman can be barred of his rights to a statutory lien by the terms of the original builder's contract, he must have knowledge of its terms, or there must be proof that a written and signed agreement to that effect has been filed in the office of the recorder of deeds of the county where the building is situated, not less than 10 days prior to the subcontractor or materialman's contracts. Hurd's Rev. St. 1917, ch. 82, sec. 35 (J. & A. ¶ 7159).

4. Mechanics' liens, § 60*—*when subcontractor's recovery on surety bond not barred by contract between surety and owner.* A subcontractor was not precluded from recovering under the principal contractor's surety bond securing those who might become entitled to a lien, because of a provision of the contract between the owner and the surety, to which the contractor was not a party, that neither the contractor nor any subcontractor or materialman should file, have or maintain any mechanic's lien on the building in question, where the proof conclusively showed that such subcontractor did not have actual notice or knowledge of the terms of such contract.

5. Pleading, § 151*—*what is function of affidavit of merits.* A defendant's affidavit of meritorious defense does not take the place of a plea; it merely limits the proofs that can be made under the plea, to such facts as are set forth in it.

Appeal from the Circuit Court of Hancock county; the Hon. Harry

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

M. WAGGONER, Judge, presiding. Heard in this court at the October term, 1918. Affirmed. Opinion filed April 29, 1919.

HARDIN W. MASTERS, for appellants.

O'HARRAS, WOOD & WALKER and JOHN W. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant A. T. White entered into a contract to build a church building for the First Presbyterian Church of Carthage, Illinois, and gave his bond, in the sum of $5,000, with the Fidelity and Casualty Company of New York as surety, to said church "or to any others that may become entitled to a lien" under the contract referred to, conditioned that the said White should perform and carry out his part of the building contract and should pay all claims for labor or materials chargeable to him.

This is an action in debt on the bond. In the declaration it is alleged that appellee furnished materials that were placed into the church building in the performance by White of his contract; that appellee has not been paid for such materials; that there is due him for such materials $2,600.09; and that he is one of the obligees in the bond referred to and has a lien under the law on the church building constructed by appellant which has never been paid or satisfied.

A number of pleas were filed by appellant. To all except the second plea, demurrer was sustained. While appellant mentions the fact in his argument that the action in sustaining the demurrer to the pleas was erroneous, there is no assignment of error that requires this court to consider that question. There is an assignment of error in the following words: "The court erred in sustaining the demurrer to plea number...... as filed by defendants," but as the demurrer was sus-

tained to several pleas, there is no way in which this court can tell which plea appellant had in mind in making his said assignment of error.

The only plea left in the case when it went to trial was the second. In that plea it is averred in substance that by the original contract between appellant and the church it was expressly agreed that neither the contractor nor any subcontractor or materialman should file, have or maintain any lien commonly called a mechanic's lien, either for materials furnished for or work performed on the church building under such contract, and that the right to maintain such lien was expressly waived, except under some express circumstances not affecting this case, and that appellee had actual notice before he furnished any of the materials, and before work was begun on the church building, of the terms of the stipulation referred to. Appellee replied to this second plea, that he was not a party to the contract referred to in that plea, and that he had no actual notice of the provisions thereof, set up in said plea. The issues were tried by the court without a jury. The finding and judgment were for the plaintiff for $5,000 debt, and $2,419.13 damages and for costs.

The plea and the replications thereto put in issue the question whether the right of appellee to a lien has been waived by the terms of the contract between appellant and the church. While the plea does not expressly confess the averments in the declaration, it does so in effect, and it is in fact a plea of confession and avoidance. It certainly does not traverse any of the averments of fact in the declaration from which the right to a lien arises, and appellant does not contend that the declaration fails to show facts sufficient to warrant a recovery unless the rights arising from the facts there disclosed have been waived by the clause of the contract set up in the plea. When a matter material to the plaintiff's right to recover is alleged in a declaration and is not denied by a plea, such matter

is to be regarded as admitted and will be presumed to be true. *Smith v. Bellrose,* 200 Ill. App. 368–372, and cases there cited.

The rule undoubtedly is that before a subcontractor or materialman can be barred of his rights to a lien under the statute, by the terms of the original contract between the owner of the premises and the builder, he must have actual knowledge of the terms of such contract, or there must be proof that a duly-written and signed stipulation or agreement to that effect has been filed in the office of the recorder of deeds of the county where the building is situated not less than 10 days prior to the contract of the subcontractor or materialman. Chapter 82, sec. 35, Hurd's Rev. St. 1917 (J. & A. ¶ 7159). That appellant understands that to be the law is shown by the language of his plea where he avers "that the said plaintiff, W. E. Lyon, as a materialman had *actual notice*" of the terms of the contract before he furnished any of the materials sued for.

The proof offered on the issue joined on the plea conclusively shows that appellee did not have actual notice or knowledge of the terms of the contract in question by which the right to claim or have a lien was waived, and there is no proof that such contract was ever filed in the office of the recorder of deeds of the county wherein the building is located, and appellee is not barred of his rights thereby.

Some space has been devoted to a discussion of the office of an affidavit of meritorious defense. It does not take the place of a plea. It merely limits the proofs that can be made under the plea, to such facts as are set forth in it. *Kadison v. Fortune Bros. Brewing Co.,* 163 Ill. App. 276. There is no circumstance under which a plea can be expanded by an affidavit of meritorious defense, or where it will put in issue or authorize proof of facts not put in issue by a proper plea. In this case no proof has been offered by appellant and

excluded by the court that would have been competent before an affidavit of meritorious defense was required.

No reversible error has been pointed out and the judgment of the Circuit Court is affirmed.

MR. JUSTICE WAGGONER took no part.