Joseph Ellman, d/b/a United Lumber Co., and R & S Plumbing & Heating, Inc., an Illinois Corporation, Plaintiffs-Appellants, v. John F. Ianni, Mamie G. Ianni, Eugene Spain, Andco Distributors, Inc., an Illinois Corporation (Formerly C. F. Anderson Co., Inc.,) and Thomas Rainwater, Defendants-Appellees.

Gen. No. 11,240.

Second District, Second Division.

April 22, 1959.

Released for publication May 11, 1959.

Pedderson, Menzimer & Conde and Harold Stern, of Rockford (Harold Stern, of counsel) for appellants.

Hyer, Gill & Brown, of Rockford (Stuart C. Hyer, of counsel) for defendant-appellee.

JUSTICE CROW delivered the opinion of the court.

The plaintiffs-appellants, Joseph Ellman, d/b/a United Lumber Co., and R & S Plumbing and Heating, Inc., subcontractors, filed a complaint in the Circuit Court of Winnebago County, against the defendants John F. Ianni and Mamie G. Ianni, owners, and Eugene Spain, general contractor, and certain other defendants not now involved, seeking, so far as now material, to foreclose alleged mechanics' liens on certain premises in Winnebago County owned by the defendants John F. Ianni and Mamie G. Ianni, for various sums alleged to be due them under their subcontracts with Eugene Spain, the general contractor. Eugene Spain subsequently became bankrupt and Milton A. Fischer, trustee in bankruptcy, succeeded to

■■■■■■■■■■■■■■

his interests and appears as a defendant or on behalf of the defendant Eugene Spain. So far as now relevant, the defendants John F. Ianni and Mamie G. Ianni, and Milton A. Fischer, trustee in bankruptcy of Eugene Spain, filed answers. The cause was submitted on the pleadings and a stipulation of facts. The Court dismissed the complaint for want of equity, and directed that the defendants John F. and Mamie G. Ianni pay to the defendant Milton A. Fischer, trustee in bankruptcy of Eugene Spain, $11,000, the stipulated full amount then due under the contract between the Iannis, owners, and Spain, general contractor, and that all rights to mechanics' liens by the contractor or subcontractors are barred. The plaintiffs appeal. The only defendant-appellee appearing here is Milton A. Fischer, trustee in bankruptcy of the defendant Eugene Spain.

It appears from such of the pleadings as are included or indicated in the record, and the stipulated facts that: On November 1, 1956, the defendant Eugene Spain, a general contractor, entered into a building contract with the defendants John F. Ianni and Mamie G. Ianni for the construction of a residence on certain property in Winnebago County owned by the Iannis. Incorporated into and made a part of the contract was an agreement or waiver of liens whereby the general contractor waived his rights and his subcontractors' rights to mechanics' liens on the premises of the Iannis, and on any funds due and owing the general contractor from the Iannis, for work performed pursuant to the contract. This contract with the agreement or waiver of liens was filed for record in the Recorder's Office of Winnebago County, on November 3, 1956, being within ten days after its execution, and was given Document No. 850911 and recorded in Book 1022 of Recorder's records, page 277. The document was indexed in the Grantee Index

355

under the name of John F. and Mamie G. Ianni, in the Grantor Index under the name of Eugene Spain, d/b/a E. M. Spain, and in the Tract Index under the description of the land on which the building was to be built.

The owners, John F. Ianni and Mamie G. Ianni, defendants, in their answer and affirmative defense to the complaint had originally alleged a certain defense as follows:

"6. Further coincident with said contract, the contractor did execute a Contractor's Waiver of Lien, which waiver of lien was recorded as Document No. 850911, Book 1022, Page 277, in the Recorder's Office of Winnebago County, Illinois, on November 3, 1956.

"7. That by virtue of said contractor's waiver as aforesaid all subcontractors and material men are barred from any mechanic's lien rights as against the premises of the defendant, John F. Ianni and Mamie G. Ianni."

Those defendants, the owners, however, subsequently dismissed those paragraphs of the affirmative defense in their answer, but that was done without the knowledge of, or notice to, either the defendant Eugene Spain, the general contractor, or the defendant-appellee Milton A. Fischer, trustee in bankruptcy of Eugene Spain.

The trustee in bankruptcy's answer and affirmative defense for Eugene Spain, bankrupt, the general contractor, raised the no mechanic's lien issue similarly to the answer etc. that had originally been filed by the owners, the Iannis, and asked that the court find and order the claimed rights to mechanics' liens by the plaintiffs subcontractors be barred.

That part of the contract and waiver of liens entered in to November 1, 1956 between the general contractor Spain and the owners Iannis and designated by the parties here as the "No Lien Contract" provides as follows, so far as material:

356

"The contractor does hereby fully and completely waive and release, for himself, his heirs, successors and assigns and for all his subcontractors and their respective subcontractors, any and all claim of, or right to, mechanic's lien, under the Statutes of Illinois, against, or with respect to, the premises described as: . . . . (describing them) . . . or with respect to any moneys or other consideration which may be due at any time hereafter from the owners to the contractor, which claim of lien might be asserted by reason of doing, making or furnishing, heretofore or at any time hereafter, by the contractor, his successors, assignees, materialmen, subcontractors of any labor, services, material fixtures, apparatus machinery . . . ."

It was stipulated that the plaintiffs subcontractors had no actual notice of the agreement and waiver of liens entered into between the owner and contractor, that the plaintiffs were subcontractors of Eugene Spain, the general contractor, that they furnished materials or labor in certain amounts which have not been paid, that they had given proper notices to the owners and filed proper claims with the Recorder for mechanics' liens, and that $11,000 was now due Eugene Spain, general contractor, from John F. and Mamie G. Ianni under their contract.

The plaintiffs urge that, in addition to their having no actual notice, the contract and waiver of liens between the owner and general contractor was not recorded by the Recorder "in books provided by him for that purpose," and was not indexed "in the name of the contractor and in the name of the owner, in books kept for that purpose," as required by the applicable statute, and that, therefore, the plaintiffs did not receive the constructive notice required by statute. It is also the plaintiffs' contention that a "No-Lien Agreement," such as the one entered into in this case between the owner and contractor, is solely for the

357

benefit of the owner, does not per se abrogate the lien rights of the subcontractors but is a matter of affirmative defense which must be specially pleaded by the owner, and is a defense which can be raised only by the owner, not by the contractor, and that the owner is not required to defend against the claimed liens of subcontractors.

It is the contention of the defendant-appellee that the filing of this contract and waiver of liens was in accordance with the law, and that it was properly indexed and recorded, but that if any mistake was made by the Recorder in either the indexing or recording such in no way invalidates the instrument, and the defendant-appellee further contends that the alleged defense here involved of a "No-Lien Contract" may be raised by either party to the contract, i.e., either the owner or contractor, in defense of a mechanic's lien claim or suit by a subcontractor.

Ch. 82, Ill. Rev. Stats., 1957, par. 21 provides, first for subcontractors' liens "on the same property as provided for the contractor, and, also, . . . on the moneys or other considerations due or to become due from the owner under the original contract," but that paragraph then provides:

". . . . If the legal effect of any contract between the owner and contractor is that no lien or claim may be filed or maintained by anyone, such provision shall be binding; but the only admissible evidence thereof as against a subcontractor or material man, shall be proof of actual notice thereof to him before any labor or material is furnished by him; or proof that a duly written and signed stipulation or agreement to that effect has been filed in the office of the recorder of deeds of the county or counties where the house, building or other improvement is situated, prior to the commencement of the work upon such house, building or other improvement, or within ten days after the execu-

tion of the principal contract or not less than ten days prior to the contract of the subcontractor or material man. And the recorder of deeds shall record the same at length in the order of time of its reception in books provided by him for that purpose, and the recorder of deeds shall index the same, in the name of the contractor and in the name of the owner, in books kept for that purpose, and also in the tract or abstract book of the tract, lot, or parcel of land, upon which said house, building or other improvement is located, and said recorder of deeds shall receive therefor a fee, such as is provided for the recording of instruments in his office. . . . ."

██ The legal effect of the building contract and waiver of liens of November 1, 1956 between the owners, John F. Ianni and Mamie G. Ianni, and the contractor, Eugene Spain, was that no lien may be filed or maintained by anyone, and under the statute that provision is binding. As to admissible evidence thereof as against the plaintiffs subcontractors, there was no proof of actual notice thereof to them, but there was proof that a duly written and signed agreement to that effect had been filed in the office of the recorder of deeds of the county where the house is situated, within ten days after the execution of that principal contract. The situation, therefore, met the substantive requirements of the first sentence of the foregoing quoted statutory provision,—the owners and contractor had done all that was required of them thereunder. The second sentence imposes administrative, ministerial, clerical duties on the recorder. It imposes no substantive duties on the owner or contractor. The legal sufficiency of the filing of a duly written and signed agreement of the type indicated as constituting proof and admissible evidence as against subcontractors, if otherwise in conformity to the statute, is not affected by administrative or minis-

359

terial or clerical errors or misprisions of the Recorder even if there were any such errors,—the Recorder is to make the entries, not the owner or contractor: Cook v. Hall (1844) 1 Gilm. 575; Nattinger v. Ware (1866) 41 Ill. 245; Eaton State Bank v. Flesher & First Nat. Bank of Moweaqua (1927) 243 Ill. App. 532. But we do not perceive that there have been here even administrative or ministerial or clerical errors or misprisions by the Recorder. The instrument was recorded "in books provided by him for that purpose,"—there is no evidence they were not so provided,—and that the same books may have also been used for recording other types of instruments does not mean they were not also provided for the present immediate purpose, and there is no evidence there was some other book or books so provided but not used. The Recorder did index the instrument "in the name of the contractor and in the name of the owner, in books kept for that purpose," namely, the Grantor Index and Grantee Index,—there is no evidence those indices were not so kept,—and that the same books may have also been kept for the same purpose as to other types of instruments does not mean they are any the less kept for this present immediate purpose, and there is no evidence of any other book or books so kept but not used. In addition, the instrument was indexed in the tract book of the tract upon which the house is located. The plaintiffs say "books kept for that purpose" means, necessarily, some separate, special book, separate and apart from the Grantor and Grantee Index, but they give no substantial reason for that view and suggest no authority therefor, and we cannot concur. The Statute does not so provide.

As to the remaining contention of the plaintiffs, which has to do with the dismissal, or withdrawal by the defendants John F. and Mamie G. Ianni, the owners, of those portions of their answer

360

and affirmative defense raising the matter of the no mechanics' liens provisions of the contract of November 1, 1956,—a condition or provision of the contract may, generally, be waived by the party thereto who is entitled to receive the benefit of the condition: Weakly v. Firebaugh (1933) 269 Ill. App. 123. The owners, the Iannis, however, were only one of the parties to the building contract and waiver of liens of November 1, 1956. The other party was Eugene Spain, the general contractor. And, insofar as the applicable part of the contract and waiver of liens waived and released the mechanics' liens of the plaintiffs subcontractors, and other subcontractors, on the real estate and on the moneys or other considerations due or to become due from the owners under the contract, that was a condition or provision of benefit to the general contractor as well as the owners. It was not solely for the benefit of the owners. The general contractor, for aught that appears, might not have obtained the contract in the first place from the owners unless that provision had been included,—certainly, at least, that may have been one of the considerations entering into the original transaction. Further, with that provision, the general contractor did not have to furnish the owners with affidavits required under the act before being able to collect moneys due and owing him under the contract; he did not have to furnish the owner waivers of mechanics' liens by subcontractors; he had an unencumbered fund in the owners' hands at his disposal; if the owners defaulted in payment, the contractor had his remedy at law for money damages without the possibility of subcontractors entering into the suit and possibly confusing the issues; he would not be embarrassed or hindered by mechanic's lien foreclosure suits by subcontractors when he was attempting to collect the amount or amounts due under his contract from the owners; and

there may have been other benefits therefrom to the general contractor.

In Lyon v. White et al. (1919) 214 Ill. App. 232, a suit by a subcontractor against the general contractor and the surety on the general contractor's bond, the defendant general contractor raised the alleged issue and defense of a no mechanics' liens provision and waiver in the building contract between him and the owner,—evidently without any question by any of the parties or the Court as to his right to do so,—in fact, the owner was not even a party defendant to the suit,—and although the case was determined adversely to the defendants and for the plaintiff subcontractor such was because of the finding that there had been, on the merits, no actual notice thereof to the subcontractor and no filing of the same for record, and not because the general contractor could not raise the alleged issue and defense.

■ ■ The general contractor, Eugene Spain, being one of the parties to the building contract and waiver of liens of November 1, 1956, and the condition or provision thereof waiving and releasing the mechanics' liens of subcontractors being of benefit to the general contractor, as well as the owners, he, or his successor in interest, Milton A. Fischer, trustee in bankruptcy of Eugene Spain, may properly raise and present the alleged issue or defense of the no mechanics' liens provision and waiver in this suit in which they are parties defendant. That part of the contract was of mutual benefit to the owners and the general contractor and may be raised by either. One party, alone, to a contract cannot by his own acts, alone, release or alter the mutual terms thereof,—the intentions and acts of the parties must be mutual: York v. Central Ill. Mut. Relief Ass'n (1930) 340 Ill. 595. The unilateral dismissal, or withdrawal by the defendants owners of those portions of their answer raising

the matter of the no mechanics' liens provisions of the contract, however effective such may have been as to them, was legally ineffective as to the other party to the contract, the general contractor or his successor in interest. Both parties to the contract, the owners and the general contractor, would have to waive or release the applicable provisions of the contract and possible affirmative defense before the plaintiffs subcontractors may maintain the present suit.

In Illinois Interior Finish Co. v. Poenie (1934) 277 Ill. App. 554, the only other Illinois case referred to by the plaintiffs, the alleged no mechanic's lien contract or waiver between the alleged owner and general contractor was not filed for record with the Recorder, the subcontractors had no actual notice thereof, and the alleged contract between the owner and general contractor was, under the circumstances there, fraudulent, ineffective, and of no legal force for any purpose. It is not in point in the case at bar.

The decree, therefore, is correct, and will be affirmed.

Affirmed.

WRIGHT, P. J. and SOLFISBURG, J., concur.