(No. 12322.—Judgment affirmed.)
THE NORTH SIDE SASH AND DOOR COMPANY, Appellee,
*vs.* IDA GOLDSTEIN, Appellant.

*Opinion filed December 18, 1918—Rehearing denied Feb. 6, 1919.*

1. MECHANICS' LIENS—*sub-contractor has no lien on premises if contract negatives it.* Where a contract for the improvement of premises provides that there shall be no lien on the premises for materials or labor furnished, neither the contractor nor a sub-contractor, under section 21 of the Mechanic's Lien act, is entitled to a lien on the premises.

2. SAME—*sub-contractor is entitled to lien on money due the contractor.* The provision of section 21 of the Mechanic's Lien act that a sub-contractor, as against the creditors, assignees and personal and legal representatives of the contractor, shall have a lien on the "moneys or other considerations due or to become due from the owner under the original contract," must be construed as giving the sub-contractor a lien on the money due the contractor from the owner, unless the contract provides otherwise.

3. APPEALS AND ERRORS—*rule where the Appellate Court's judgment results from finding facts different from trial court.* Where the judgment of the Appellate Court, on appeal in a suit at law, results from finding the facts in controversy different from the finding of the trial court, the question presented in the Supreme Court is whether the judgment is justified by a proper application of the law to the facts so found by the Appellate Court.

4. SAME—*when question as to right of Appellate Court to reverse and enter judgment for plaintiff is waived.* Where a judgment in favor of the defendant in a suit at law tried by a jury is reversed by the Appellate Court that court should not assess plaintiff's damages and enter final judgment in his favor if the right to a trial by jury is not waived, but the right to question such action by the Appellate Court is waived in the Supreme Court where the question is not presented in the assignment of errors or the briefs.

APPEAL from the First Branch Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding.

AMBERG & AMBERG, (GEORGE W. THOMA, of counsel,) for appellant.

286 – 14

EDMUND W. FROEHLICH, and SAMUEL W. NEWMAN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Ida Goldstein, on January 9, 1913, contracted in writing with Sam Tamon for the alteration of her building at 707 Blue Island avenue, in Chicago, for $2500. The contract contained the following provision: "It is agreed that the contractor when these premises are offered for acceptance shall be delivered free and clear from any lien or incumbrances whatsoever. * * * It is further agreed and binding that no sub-contractor, as well as the contractor, shall have a right to place a lien on said premises." The appellee, the North Side Sash and Door Company, furnished material as a sub-contractor, and on July 14, 1913, served on the appellant a sub-contractor's notice and afterwards brought this suit against the appellant and Sam Tamon in the municipal court of Chicago, where a trial by jury resulted in a verdict for the defendants, upon which judgment was entered. The appellee, the North Side Sash and Door Company, appealed to the Appellate Court for the First District, and that court reversed the judgment and entered judgment for the appellee for $624.99, being the balance of $501.80 due it on May 14, 1913, and interest from that date. The Appellate Court incorporated in its judgment the following finding of fact: "We find that on May 14, 1913, there was due to appellant, North Side Sash and Door Company, a corporation, from appellee Sam Tamon the sum of $501.80, and that there was then due from appellee Ida Goldstein, as owner of the premises in question, to said appellee Sam Tamon as contractor, a sum in excess of said amount, on which the appellant, as sub-contractor, had a mechanic's lien." The Appellate Court granted a certificate of importance and an appeal to this court, which was perfected by the appellant, Ida Goldstein.

The judgment of the Appellate Court having resulted from finding facts in controversy different from the finding of the trial court, the question here is whether the judgment was the result of a proper application of the law to the facts found. *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 Ill. 399; *Yost Manf. Co.* v. *Alton,* 168 id. 564; *Seeberger* v. *McCormick,* 178 id. 404; *Supple* v. *Agnew,* 202 id. 351; *Hogan* v. *Chicago and Alton Railroad Co.* 208 id. 161.

If the appellee had a lien on the money due from the appellant to Sam Tamon it was created by section 21 of the act to revise the law in relation to mechanics' liens. (Laws of 1903, p. 238.) That section provides that every sub-contractor shall have a lien "from the same time, on the same property as provided for the contractor, and also, as against the creditors and assignees, and personal and legal representatives of the contractor, on the material, fixtures, apparatus or machinery furnished, and on the moneys or other considerations due or to become due from the owner under the original contract." The lien of a sub-contractor can only exist by virtue of the original contract, and in case such contract provides that there shall be no lien upon the premises improved for labor performed or material furnished, a sub-contractor is not entitled to any lien. (*Kelly* v. *Johnson,* 251 Ill. 135; *Cameron-Schroth-Cameron Co.* v. *Geseke,* id. 402; *Rittenhouse & Embree Co.* v. *Warren Construction Co.* 264 id. 619.) By the contract between the appellant and Sam Tamon it was provided that there should be no lien against the premises, and therefore the appellee was not entitled to any lien on the same or on anything furnished for the improvement. The contract did not provide that there should be no lien on moneys due or to become due from the appellant to Sam Tamon, and if the appellee had such a lien it was not barred from enforcing it by any provision of the contract. The statute does not in specific terms create a lien on moneys in the hands of

an owner to which the contractor has become entitled, except as against creditors and assignees and personal and legal representatives of the contractor. It provides that the lien on moneys due shall be superior to the claims of certain classes of persons, and the case presents the alternative that the General Assembly intended to create a lien or made a useless and senseless declaration that something which had no existence should be superior in right to certain other claims against the contractor. The latter conclusion would lead to such an absurdity that an intention to prefer a lien to the claims of creditors, assignees and personal and legal representatives of the contractor where there was no lien cannot be attributed to the General Assembly. It is true that the statute in relation to mechanics' liens, being in derogation of common right, is to be strictly construed, and to say that a right claimed under the statute is doubtful is substantially tantamount to saying that it does not exist, (*Shaw* v. *Chicago Sash, Door and Blind Manf. Co.* 144 Ill. 520,) but it seems clear that the General Assembly intended that a sub-contractor should have a lien on moneys due to the contractor. No other construction can be given to the statute without nullifying a plain and clear provision that the right of the sub-contractor should be superior to other specified claims. The appellant did not provide against a lien on the money in her hands belonging to Sam Tamon but only provided for a lien against her premises.

An application of the law to the facts found by the Appellate Court required a reversal of the judgment of the municipal court, but there had been a trial by jury, and unless the constitutional right to such a trial was waived the Appellate Court had no power to assess damages and enter judgment and could only remand the cause to the municipal court for another trial. (*City of Spring Valley* v. *Spring Valley Coal Co.* 173 Ill. 497; *American Trust and Savings Bank* v. *Lantry Contracting Co.* 257 id. 271; *Geohegan* v. *Union Elevated Railroad Co.* 258 id. 352; *Blake*

v. *DeJonghe Hotel Co. 263* id. *471.*)  In the assignment of errors and the brief and argument for the appellant no question regarding the constitutional right to a jury trial or the power of the Appellate Court to render the judgment is raised or suggested and the right has therefore been waived.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*