**John A. Hoffman and Sarah C. Hoffman for use of Arthur Keithley, Appellants, v. New York Life Insurance Company, Appellee.**

**Gen. No. 7,225.**

1. INSURANCE—*premium lien note not invalid as beyond authority of life insurance company.* A so-called premium lien note given by a policyholder to a life insurance company in lieu of payment of the premiums on his policy in cash, and so reciting on its face and that it is a lien against the policy and that the amount due thereunder shall be deducted from any sum to be paid under the policy, is not invalid as an ultra vires loan of money by the company where there is no provision of law against such practice and the notes are not ordinary promissory notes or negotiable instruments but merely evidence of an interest bearing charge against the policy for premiums which the policyholder is unable to pay in cash, given and accepted to enable him to keep his insurance in force.

2. INSURANCE—*assignment of policy as security for debt subject to insurer's lien for premium on premium lien note.* An assignment of a life insurance policy as security for an indebtedness due from the policyholder to the assignee is subject to all the conditions expressed in the policy and the assignee stands in his assignor's shoes as against the prior lien of the insurance company under premium lien notes given by the policyholder in payment

of premiums he was unable to pay in cash, which provided that the amount due thereunder should be deducted from any amount due on the policy, even though the assignee had no notice of the notes when the assignment was made to him, since he dealt with the insured and it was his duty to ascertain what the rights and obligations of the latter were under the printed terms of the policy.

3. INSURANCE—*life insurer's lien under premium lien notes not dependent upon possession of policy.* The provisions of the Insurance Act, ¶ 375, subd. 6, Cahill's Rev. St. 1921, requiring the policyholder to surrender to the insurer the policy as security, on loans required to be made by insurer to the insured, do not require a surrender of the policy by the insured upon the giving by him of premium lien notes in payment of life premiums which the insured is unable to pay in cash, such notes being merely a charge against the policy for the amounts thereof, especially since the statute merely authorizes the insurer to require surrender of the policy and does not make surrender mandatory.

Appeal by plaintiffs from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed October 18, 1923.

ARTHUR KEITHLEY, for appellants.

KIRK & SHURTLEFF and HAMLIN, TOPLIFF & COOPER, for appellee; LOUIS H. COOKE, of counsel.

MR. JUSTICE JONES delivered the opinion of the court.

John A. Hoffman was the holder of two policies of insurance issued to him by the New York Life Insurance Company. Sarah C. Hoffman was named as beneficiary in said policies. There were two premiums due on said policies on May 3, 1919, amounting to $250 each. Hoffman was unable to pay said premiums in cash and on that day executed his two promissory notes payable to said insurance company each for $250, with interest thereon from date. Each note recited on its face that it is a premium lien note and given in lieu of cash for premium; that it is a lien against the policy and that the amount due upon the

note shall be deducted from the sum to be paid under the policy.

Afterwards on June 5, 1920, the said Hoffmans being indebted to Arthur Keithley in a sum of money largely in excess of the surrender value of said policies, assigned and delivered them to him to secure the payment of said indebtedness. On May 3, 1921, the Hoffmans being unable to pay the interest due on the premium notes given to the insurance company executed two renewal notes for $265 each. These notes recited that they were renewal notes and were liens upon the respective policies.

After the assignment and delivery of the policies to Keithley he paid two annual premiums thereon aggregating $1,341. The Hoffmans having failed to pay Keithley the amounts due him from them, Keithley applied to the insurance company for the surrender value of the policies in accordance with a printed table forming a part of each policy. The insurance company claimed the right to deduct, from the surrender value, the amounts due on the lien notes held by it. Keithley denied the right of the company to do so and this suit was brought. Afterwards the company paid Keithley $1,588.64 and retained $561.80 claimed by it to be due on said premium lien notes. A trial by jury was waived and the cause was heard by the court. Judgment was rendered in favor of the appellee insurance company and this appeal is prosecuted by Keithley.

It was stipulated that the only question for the trial court to decide was whether the insurance company had the right to make said deduction against Keithley as assignee of said policies and that, if it had such right, judgment should be in favor of the appellee. It is contended by appellant that the insurance company is not authorized to loan money for the payment of premiums to it and therefore the notes are invalid; that even though the notes are not invalid they did not create a lien as against him because

he had no notice of said claim of lien at the time he became the assignee of the policies; and that it was the duty of the insurance company to cause the policies to be delivered to it whenever they claimed a lien on them by reason of loans it had made.

In reference to the first contention we are of the opinion that the insurance company was not without authority to provide for the payment of premiums by means of so-called premium lien notes. There is no provision of law against such practice and it is certainly in the interest of policyholders and their beneficiaries that this means of paying premiums may be resorted to. It often happens that it is quite difficult for a policyholder to pay his insurance premiums, and he is enabled to keep his insurance in force by giving premium lien notes. These notes are not in the form of ordinary promissory notes and as a general rule they are not negotiable instruments. They do not evidence a loan of money as that term is usually understood. They evidence a charge made against the policy for premiums which have not been paid in cash. We therefore conclude that the premium lien notes are not invalid.

The policies themselves are not negotiable instruments and an assignee takes subject to the conditions expressed in the policy and is in no better condition than his assignor. (*Insurance Co. of North America v. Garland,* 108 Ill. 220; *Illinois Mut. Fire Ins. Co. v. Fix,* 53 Ill. 151; 25 Cyc. 777.) There can be no doubt that as against the Hoffmans, the insurance company had a lien upon any sums which might become due under the policy, and inasmuch as Keithley stood in their shoes in this behalf his rights as assignee were subject to the rights of the insurance company. The rights of the insurance company were in no way affected by the fact that Keithley had no notice of the existence of a lien in favor of the insurance company. He was dealing with the insured and it was his duty

to ascertain what were the rights of the insured under the printed terms of the policy.

As to the contention of appellant that it was the duty, under the statute, of the insurance company to compel a surrender of the policies to it when the premium notes were given, we conclude it is without force. Appellant relies upon the sixth subdivision of paragraph 375 of the Insurance Act, Cahill's Rev. St. 1921. We think this statute has no application whatever to the situation as it here exists. It applies to loans which are required to be made by the company to the insured. It has no reference whatever to charges made against a policy for unpaid premiums; but even if it did have application to such charges, the statute does not make it mandatory for the company to take up and hold the policy during the existence of the lien. It simply gives it authority to do it. For the reasons herein expressed we think the judgment of the trial court was correct and should therefore be affirmed.

*Judgment affirmed.*