**UNITED STATES of America, Plaintiff in intervention-Appellee,**

v.

**CREST FINANCE COMPANY, Defendant-Appellant.**

**No. 13226.**

United States Court of Appeals Seventh Circuit.

May 3, 1962.

Hamilton Clorfene, Harry G. Fins, Chicago, Ill., for appellant.

Lee A. Jackson, Chief, Appellate Section, Kenneth E. Levin, Attorney, U. S. Department of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., Chicago, Ill., Irwin J. Askow, David Levinson, Albert E. Jenner, Jr., C. Harker Rhodes, Jr., Chicago, Ill., for appellee.

A. Bruce Schimberg, Chicago, Ill., Eli S. Silberfeld, New York City, amicus curiæ.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

PER CURIAM.

This is an interpleader action presenting questions as to lien priority. This Court held (7 Cir., 291 F.2d 1) that the Supreme Court decision in United States v. R. F. Ball Construction Company, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510, was controlling and that the Crest lien was not superior or prior to the lien of the United States. We held "Crest's lien was not choate and perfected as those terms have been defined by the Supreme Court."

Crest filed a petition for certiorari. In its memorandum in response to that petition, the United States stated it had concluded the Ball case was not controlling, and that Crest's lien was choate at the time of the tax assessment unless, as a matter of law, the failure to record the assignment made it ineffective against third parties.

On December 18, 1961, the Supreme Court, in a *per curiam* opinion (368 U.S. 347, 82 S.Ct. 384, 7 L.Ed.2d 342) entered an order as follows: "In the light of the Solicitor General's concession that petitioner's lien is choate, and the Court agreeing therewith, certiorari is granted, the judgment is vacated and the case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion."

After remand, the United States filed in this Court a motion for an order reinstating its judgment in this cause. Crest Finance Company has filed an answer and brief opposing that motion.

When this case was here before, the United States leaned heavily upon the decision in United States v. R. F. Ball Construction Company, 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510. This decision was called to our attention at five different places in the Government's brief. We thought the decision was controlling, but the United States, changing its emphatically expressed views, convinced the Supreme Court it was not controlling, so we must adopt that view.

In our former opinion, in sustaining the arguments of the United States, we held Crest's lien to be inchoate, but the Government has persuaded the Supreme Court that the lien was choate, so we change our view in that respect.

■■ In its motion to reinstate the judgment in its favor, the United States suggests that this Court has not passed on the question of whether assignments of accounts receivable given as security must be recorded or filed under Illinois law.

When this case was here before, the United States argued in its brief and on oral argument, that the assignment of accounts receivable to Crest should be regarded as chattel mortgages and not having been recorded, were invalid against creditors. The United States strongly urged that the Assignment of Accounts Receivable Act (Ill.Rev.Stat., 1959, Ch. 121½, Secs. 220 et seq.) was applicable only to sales or other absolute assignments and not to assignments made to secure an indebtedness.

In our previous opinion we stated, 291 F.2d 1, 2: "Under Illinois statutes, no filing or recording is required to perfect an assignment of accounts receivable. Ill.Rev.Stat.1959, ch. 121½, § 221." This Court declined to draw a distinction between assignments for the purpose of security and absolute assignments. We cannot change our position as readily as the Government has done in this case, and we adhere to the position hereinbefore taken.

The language in the Illinois Chattel Mortgage Act is broad. Nevertheless, Illinois courts have consistently held that assignments of choses in action, including accounts receivable given as security for an indebtedness, are valid against third persons without filing or recording. Hoffman v. New York Life Insurance Company, 230 Ill.App. 533; Siegel for Use of American Glass Co. v. Liberty Bank, 272 Ill.App. 43; Adler v. Altheimer, 298 Ill.App. 620, 18 N.E.2d 256.

In the Adler case, defendants argued that an assignment of an interest in a bond as security for the repayment of a debt was void because the assignment was not recorded pursuant to the Chattel Mortgage Act. In an unpublished opinion the Court said: "We think it clear that the pledging of Straus's [assignor] interest in the surety bond and the assignment of it to plaintiff do not fall within the provisions of the section [Ill. Rev.Stat.1937, Ch. 95, Sec. 1]. * * *"

In Crump v. Hill, 5 Cir., 105 F.2d 124, 124 A.L.R. 165, the Court considered a similar problem under Mississippi law. The Court quoted with approval the following statement from 5 C.J. "Assignments" Sec. 77, p. 908: "Assignments

of choses in action are not within the ordinary recording acts, and filing or recording is not necessary to their validity in the absence of a statute particularly requiring it."

The motion of the United States for an order reinstating the judgment in this case is denied. We hold the lien of Crest was perfected under the law of Illinois and was superior to the subsequent lien of the United States.

The judgment of the District Court must be and is

Reversed.