**UNITED STATES of America, Plaintiff-in-Intervention-Appellee,**

v.

**CREST FINANCE CO., Inc., Defendant-Appellant.**

**No. 13226.**

United States Court of Appeals
Seventh Circuit.

July 10, 1962.

Hamilton Clorfene, Harry G. Fins, Chicago, Ill., for appellant.

Lee A. Jackson, Chief, Appellate Section, Kenneth E. Levin, Atty., U. S. Dept. of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., Chicago, Ill., Irwin J. Askow, David Levinson, Albert E. Jenner, Jr., C. Harker Rhodes, Jr., Chicago, Ill., for appellee.

A. Bruce Schimberg, Chicago, Ill., Eli S. Silberfeld, New York City, Amicus Curiae.

Before DUFFY, KNOCH and CASTLE, Circuit Judges.

PER CURIAM.

This is a suit presenting questions of lien priority, filed by Standard-Crowley-Jackson (Standard) against Crest Finance Co., Inc. (Crest), the United States of America ond others. Standard paid into the registry of the United States District Court the sum of $17,369.94. Judgment of the District Court ordered

the deposited sum to be distributed in the following manner:

Peter Kiewit Sons' Company $ 2,000.00
Road Machinery and Supplies
   Company of Minneapolis 2,816.44
United States of America 12,553.50

This Court affirmed the judgment of the District Court (7 Cir., 291 F.2d 1). Crest petitioned for certiorari. In its memorandum in response to that petition, the United States conceded that Crest's lien was choate unless, as a matter of law, the failure to record the assignment made it ineffective against third parties.

On December 18, 1961, the Supreme Court handed down an order as follows:

"In the light of the Solicitor General's concession that petitioner's lien is choate, and the Court agreeing therewith, certiorari is granted, the judgment is vacated and the case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion." (368 U.S. 347, 82 S.Ct. 384, 7 L.Ed.2d 342)

Upon remand to this Court, the United States filed a motion for an order reinstating its judgment in this case.

By an opinion dated May 3, 1962, we denied the motion of the United States, and held the lien of Crest was superior to the subsequent lien of the United States. We ordered the District Court judgment to be reversed in this respect.

Thereafter, there was filed with this Court, a motion by Peter Kiewit Sons' Company and Road Machinery and Supplies Company of Minneapolis, claimants under duly filed mechanic's liens, that the proposed order reversing the judgment of the District Court be modified so that the District Court judgment be reversed only as far as it related to the United States of America, and that the judgment relating to Peter Kiewit Sons' Company and Road Machinery and Supplies Company of Minneapolis be permitted to stand. Crest filed objections to the motion of the lien claimants.

For the reason that the mechanic's liens in favor of Peter Kiewit Sons' Com-

pany and Road Machinery and Supplies Company of Minneapolis were based upon Chap. 82, Sec. 23, Ill.Rev.Stats. and have priority, and for the additional reason that the *per curiam* opinion and order of the United States Supreme Court, 368 U. S. 347, 82 S.Ct. 384, was concerned only with the relative priority of Crest and the United States of America;

IT IS ORDERED, that our mandate for the District Court dated June 23, 1961, be recalled;

IT IS FURTHER ORDERED, that the judgment of the District Court ordering payments from the deposited fund be made first to Peter Kiewit Sons' Company, $2,000, and to Road Machinery and Supplies Company of Minneapolis, $2,-816.44, be affirmed; that the portion of said judgment ordering payment of $12,-553.50 to the United States of America be reversed; that Crest Finance Company be paid from said deposited fund the amount of $12,553.50, and that a new mandate from this Court be issued in conformity with this order.