GENERAL TELEPHONE COMPANY OF
ILLINOIS, a corporation, Plaintiff,

v.

AMERICAN CASUALTY COMPANY OF
READING, PENNSYLVANIA, a corporation, et al., Defendants,

United States of America, Intervenor.

Civ. A. No. P-2503.

United States District Court
S. D. Illinois, N. D.

March 10, 1964.

Stevens, Herndon, Nafziger & Mohan,
Springfield, Ill., for plaintiff.

Richard E. Eagleton, Asst. U. S. Atty., Peoria, Ill., for United States of America.

E. B. Groen, Pekin, Ill., for First National Bank & Trust Co. of Pekin.

Swain, Johnson & Gard, Peoria, Ill., for Automatic Electric Sales Corp.

Melvin O. Moehle, Washington, Ill., for Theodore J. Brill, d/b/a Brill Electric Motor Service.

MERCER, Chief Judge.

This interpleader action by General Telephone Company of Illinois was filed as the result of competing claims of the United States and others to a balance unpaid by General upon a construction contract between General and United Plumbing and Heating, a partnership.

On August 4, 1960, General entered into a contract with Herman Wolske, John Combs and Bobby Collom, partners d/b/a United Plumbing and Heating, for the installation of certain materials and equipment at General's installation at Washington, Illinois. Materials and labor of the performance of the United contract were furnished by a number of subcontractors. United failed to complete the contracted work and General elected, under the provisions of the contract, to contract with V. I. Strubhar & Sons for completion of the work.

On November 11, 1960, and March 18, 1961, United assigned all moneys to become due under the contract to First National Bank and Trust Company of Pekin, Illinois, to secure loans made to the United partnership in the aggregate amount of $19,252.95.

On April 5 and May 26, 1961, the District Director of Internal Revenue filed notices of tax liens against the United partners for the aggregate sum of $5,-871.94, plus interest, for withholding taxes alleged to be due and unpaid by United.

Faced with the claims of subcontractors, the Pekin Bank and the United States to moneys in its hands payable to United under its contract, General filed this interpleader suit. Its complaint named as defendants, United, First National Bank and Trust Company of Pekin, the United States of America, American Casualty Company of Reading, Pennsylvania, V. I. Strubhar & Sons, and subcontractors of United, namely, Minneapolis-Honeywell Regulator Company, Lee Wagener Company (now DuMont Ventilating Company), A. Y. McDonald Mfg. Co., Leich Sales Company (now Automatic Electric Sales Corporation), E-Z Plumbing, Heating and Supply Company, Asbestos & Magnesia Materials Company, Connor Company and Theodore J. Brill, d/b/a Brill Electric Motor Service. American is the surety upon United's performance bond.

The complaint was dismissed as to the United States, after which the United States intervened in the cause asserting its tax liens.

On July 25, 1963, without objection, summary judgment was entered in favor of the subcontractors who had perfected mechanics' liens upon General's premises in accordance with Illinois law, namely, Minneapolis-Honeywell, DuMont, McDonald and Connor, and in favor of Strubhar for the amount of their respective claims. Pursuant to that judgment, the aggregate sum of $9,864.16 was paid out by the Clerk, leaving a balance in the interpleaded fund of $5,627.84.

Thereafter, General filed its petition for the allowance of its attorney's fees and costs out of the fund remaining.

On January 15, 1964, all motions pending in the cause were heard. At that time, the cross-claim of DuMont against American Casualty was dismissed with prejudice; judgment was entered on the pleadings in favor of American Casualty and against General; the counter-claim of E-Z against General was dismissed, and E-Z was granted leave to adopt DuMont's answer as its own and to make an oral motion for summary judgment; Magnesia withdrew its motion for summary judgment and was dismissed from the suit; General's petition for allowance of attorney's fees was withdrawn, and a stipulation was accept-

ed that General is to receive from the fund remaining its costs in the amount of $69.26. At the same time, the cause was taken under advisement upon the several pending motions for summary judgment.

The competing claims remaining for consideration are: (1) the claim of the United States upon its tax liens; (2) the claim of the Pekin bank as assignee of United; and (3) the claims of E-Z, Brill and Automatic as materialmen.

The single issue for decision is the question of the relative preference of those several competing claims.

■ The lien for federal taxes, under 26 U.S.C. § 6321 et seq., is entitled to priority over all other liens against the subject property which had not attached to the property and become choate prior to the time when the federal lien was perfected. United States v. Hulley, 358 U.S. 66, 79 S.Ct. 117, 3 L.Ed.2d 106; United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed. 2d 510; United States v. Vorreiter, 355 U.S. 15, 78 S.Ct. 19, 2 L.Ed.2d 23; United States v. New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. The general principle applied to the priority question is the maxim of first in time, first in right.

■ Thus, the critical question is whether a perfected, choate lien existed in favor of either of the materialmen or the Pekin bank prior to the time when the lien claims were filed by the District Director. We look to state law to determine whether United had property or property rights to which the federal lien could attach, and to determine whether a choate lien had been perfected prior to that time against the property in favor of those contesting the Government's claim of priority. Aquilino v. United States, 363 U.S. 509, 512–513, 80 S.Ct. 1277, 4 L.Ed.2d 1365. As the Court there said, Section 6321 does not create any property rights, but merely attaches federally defined consequences to rights existing under state law.

■ I conclude that neither Brill, Automatic Electric nor E-Z Plumbing has a right to the funds in issue entitled to a preference over the liens of the United States. The Illinois Mechanics' Lien Act, Ill.Rev.Stat.1959, c. 82, § 1 et seq., must be strictly construed with reference to requirements upon which the right to claim a lien depends. Hoier v. Kaplan, 313 Ill. 448, 145 N.E. 243; NorthSide Sash & Door Co. v. Goldstein, 286 Ill. 209, 121 N.E. 563. As the Act applied to subcontractors, the furnishing of labor and materials merely creates a right to claim a lien by compliance with the conditions expressed in the Act. Decatur Bridge Co. v. Standart, 208 Ill. App. 592. A prerequisite to perfecting a lien is the giving of notice of the lien claim to the landowner as required by Section 24 of the Act. Western Plumbing Supply Co. v. Horn, 269 Ill.App. 612. No such notice was given by either of these claimants. Since those claimants had not perfected a lien in accordance with the Illinois Act, no choate lien existed in favor of either of them at the time when the liens of the United States attached.

■ The claim of the Pekin Bank falls in a different category. Notice of the assignments was given to General, and Illinois law does not require that the assignment of a chose in action be recorded. The lien of such an assignment is perfected and valid against third person when made, without recordation. United States v. Crest Finance Co., 7 Cir., 302 F.2d 568, modified in other respects, 7 Cir., 305 F.2d 332; Siegel for Use of American Glass Co. v. Liberty Trust & Savings Bank, 272 Ill.App. 43; Hoffman for Use of Keithley v. New York Life Ins. Co., 230 Ill.App. 533.

In my opinion, the Crest case controls the question of priority between the competing claims of the United States and the Pekin Bank. In that case, a subcontractor assigned its accounts receivable from the principal contractor to Crest to secure the payment of promissory notes given to Crest. Such assign-

932

ments antedated the government's claim of a lien for taxes due. The trial court held the lien of the government prior in right to the Crest assignment. The Court of Appeals affirmed, holding that the assignment was inchoate and not perfected. United States v. Crest Finance Co., 7 Cir., 291 F.2d 1. For that decision, the court cited United States v. R. F. Ball Construction Co., 355 U.S. 587, 78 S.Ct. 442, 2 L.Ed.2d 510, as controlling. Upon certiorari to the United States Supreme Court, the Solicitor General conceded that the Crest assignment created a choate lien under Illinois law. The Court, per curiam, reversed the cause and remanded it to the Court of Appeals for further proceedings. Crest Finance Co. v. United States, 368 U.S. 347, 82 S.Ct. 384, 7 L.Ed.2d 342. When the case was heard on remand, the government argued that the lien of the Crest assignment was not choate in the federal sense. The court rejected that argument, holding that the lien was choate under state law and prior in date to the federal claim of lien and thus entitled to priority over the claim of the United States. United States v. Crest Finance Co., 7 Cir., 302 F.2d 568.

I can see no distinction whatsoever between the factual background of the Crest case and the situation which exists here as between the Pekin Bank and the United States.

In accordance with the views hereinabove expressed, judgment will be entered denying the motions for summary judgment of Automatic Electric Sales Corporation, E-Z Plumbing, Heating & Supply Company and Theodore J. Brill, d/b/a Brill Electric Motor Service, and the United States of America. Summary judgment will be entered in favor of First National Bank and Trust Company of Pekin, directing that the Clerk pay out of the fund in his hands the sum of $69.26 to the plaintiff, General Telephone Company of Illinois, for its costs of suit, and pay the balance of such fund in the amount of $5,802.68, to the First National Bank and Trust Company of Pekin.