**STANDARD LUMBER COMPANY,**
a Corporation, Plaintiff,

v.

**CHAMBER FRAMES, INC.,** Rush W. Chambers and Royce W. Chambers and S. S. Kresge Company, a Corporation, Defendants,

**United States of America, Intervenor and Cross-Plaintiff.**

No. PB 69–C–100.

United States District Court,
E. D. Arkansas,
Pine Bluff Division.

Sept. 28, 1970.

E. Harley Cox, Jr., Coleman, Gantt, Ramsay & Cox, Pine Bluff, Ark., for plaintiff.

J. Bruce Streett, Streett & Plunkett, Camden, Ark., for Chamber Frames, Inc.

Philip S. Anderson, Jr., Wright, Lindsey & Jennings, Little Rock, Ark., for S. S. Kresge Co., defendant.

Walter G. Riddick, Asst. U. S. Atty., Little Rock, Ark., for the United States.

## MEMORANDUM OPINION

OREN HARRIS, District Judge.

The plaintiff, Standard Lumber Company, a corporation, brought this action against the defendants in the Circuit Court of Jefferson County, Arkansas. The defendant, Chamber Frames, Inc., became indebted to the plaintiff for materials purchased on an account secured by a note dated April 15, 1968. The plaintiff seeks to recover from the defendants the sum of $2,548.31 with interest, of which sum the defendants, Rush W. Chambers and Royce Chambers, are jointly and severally indebted for the sum of $143.

On April 25, 1968, the defendant, Chamber Frames, Inc., delivered a shipment of materials to S. S. Kresge Company, doing business as K-Mart No. 4161 in the City of Dallas, Texas. In connection with the promissory note by Chamber Frames, Inc., to the plaintiff on the indebtedness the defendant, Chamber Frames, Inc., made, executed and delivered to the plaintiff an assignment of an account receivable due to it from defendant, S. S. Kresge Company, which amounted to $2,212.20, together with interest from May 25, 1968, until paid.

The defendant, S. S. Kresge Company, filed a bill of interpleader admitting that it was holding the sum of $2,212.20 due under the invoice and stating that a claim had been made upon the funds by the United States of America through its Internal Revenue Service. The defendant deposited funds with the court and asked to be relieved of any further responsibility.

The United States of America was permitted to intervene and assert its claim under liens arising from unpaid taxes.

Subsequently, the United States of America as intervenor removed the action from the state court pursuant to the provisions of 28 U.S.C. § 1441. The defendant, Kresge, was released and discharged of any further liability, having deposited the total sum due on the account in the registry of the court.

The only question at issue is the relative priorities of the parties, Standard Lumber Company and United States of America, to the sum interplead by Kresge in the sum of $2,212.20. Both parties have filed respective motions for summary judgment. The essential facts are not in dispute. Stipulation has been entered by the plaintiff and the United States of America.

The plaintiff is an Arkansas corporation and on or about April 15, 1968, was engaged in the business of selling building materials and mill work in Pine Bluff, Arkansas, and in addition, leased certain equipment and business place to Chamber Frames, Inc., an Arkansas corporation, engaged in the manufacture of picture frames.

As of April 15, 1968, and at all times to and including December 4, 1968, and at all times since, Chamber Frames has been indebted to the plaintiff for sums in excess of $2,212.20. On April 25, 1968, Chamber Frames, Inc., gave its promissory note [1] payable to the order of

1. Although, the stipulation of the parties state that Chamber Frames, Inc., gave its promissory note to the plaintiff on April 25, 1968, copy of the note as an exhibit to this proceeding shows a date of April 15, 1968. However, the note also states, "Secured by assignment of Invoice No. 387 to K-Mart of Dallas, Texas".

the plaintiff for the sum of $2,778.82 with interest at 7% per annum, and, simultaneously, assigned to it an account receivable due Chamber Frames, Inc., in the sum of $2,212.20. The transfer of the account receivable was duly noted on copy of the invoice for the material and on May 9, 1968, the president of the plaintiff mailed a letter to K-Mart No. 4161 of Dallas, Texas, notifying it of the assignment to the plaintiff of the account receivable due from K-Mart No. 4161 to Chamber Frames, Inc. On November 26, 1968, following telephone contact with officers of S. S. Kresge Company, the president of the plaintiff wrote K-Mart at their address in Detroit, Michigan, reminding the company of the assignment of the account receivable and requesting payment.

On November 26, 1968, a notice of levy was duly issued by the United States of America through its Internal Revenue Service of total taxes due in the sum of $7,763.70. Copy of the notice of levy was duly filed in Jefferson County, Arkansas, on November 26, 1968. A copy was served on S. S. Kresge Company in Detroit on December 4, 1968. The taxes represented by this notice of levy were for a period ending March 31, 1968, in the sum of $2,704.24 for which assessment was made on September 20, 1968, and for the period ending June 30, 1968, in the amount of $5,058.26 for which assessment was made September 27, 1968. A balance in excess of $2,212.20 remained due and payable from Chamber Frames, Inc., for delinquent taxes reflected by the levy and lien.

To reach the question in this case the court must determine (1) whether the assignment of the account receivable from Chamber Frames, Inc., to the plaintiff was valid and security interest attached; and (2) if so, the relative priorities of the assignment with the tax lien of the United States.

■ The first question is to be determined by state law and the second question by federal law. In Re Mile Hi Restaurants, Inc., 233 F.Supp. 936 (D.C. 1964); Aquilino v. United States, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365.

The validity of the assignment by Chamber Frames, Inc., to the plaintiff is governed by the Uniform Commercial Code, Ark.Stat.1947 Anno. 1961 Addendum) Section 85–9–101 et seq.

■ Section 85–9–204 provides when security interest attaches.[2] No question is raised as to the agreement between Chamber Frames, Inc., and the plaintiff, or that value was given and as to the debtor having rights in the collateral. (Stipulation) The Court, therefore, concludes that the security interest of the plaintiff attached with the transfer of the one account in the sum of $2,212.20 as noted on the copy of the invoice dated April 25, 1968, as security for the note previously referred.

Section 85–9–303 provides when security interest is perfected, as follows:

"(1) A security interest is perfected when it has attached and when all of the applicable steps required for perfection have been taken. Such steps are specified in Sections 9–302, 9–304, 9–305 and 9–306 [§§ 85–9–302, 85–9–304—85–9–306]. If such steps are taken before the security interest attaches, it is perfected at the time when it attaches.

" *   *   *."

* * * * *

(3) Except as provided in subsection (4) a security agreement may provide that collateral, whenever acquired, shall secure all obligations covered by the security agreement.

* * * * *

(Subsection (4) is not relevant.)

2. 85–9–204.—(1) A security interest cannot attach until there is agreement (subsection (3) of Section 1–201 [85–1–201]) that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching.

Section 85–9–302 determines when filing is required to protect security interest, as follows:

"(1) A financing statement must be filed to perfect all security interests except the following:

"  *  *  *

"(e) an assignment of accounts or contract rights which does not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of the assignor;

"*  *  *."

No financing statement was filed by the plaintiff. The plaintiff contends that no financing statement was required to be filed in this response to perfect the assignment of the account for contract rights in that it did not alone or in conjunction with other assignments to the same assignee transfer a significant part of the outstanding accounts or contract rights of Chamber Frames, Inc. The government points out that the meaning and effect of this language has not been the subject of judicial interpretation. No case is cited and the Court is not aware of any.

However, an additional stipulation of the plaintiff and the United States of America was filed July 9, 1970, which states that on April 25, 1968, Chamber Frames, Inc., had outstanding accounts receivable of not less than $19,267.29 represented by 35 separate and independent accounts receivable of which 6 had been assigned by Chamber Frames, Inc., either directly or as collateral security for its obligations. The total of such accounts receivable assigned, excepting the account receivable in controversy in this action, is $1,056.46. Thus the total of such accounts receivable assigned would amount to approximately 16% of the outstanding accounts receivable of Chamber Frames, Inc.

The total sum of the taxes due the government on November 26, 1968, when the notice of levy was duly issued and the total of the accounts receivable assigned by Chamber Frames, Inc., amounts to $11,032.36, which is substantially less than the outstanding accounts receivable of Chamber Frames, Inc., on April 25, 1968, of $19,267.29.

The Court, therefore, concludes that the assignment of the account in question was not a significant part of the outstanding accounts receivable of Chamber Frames, Inc., and comes within the exception of Section 85–9–302(1) (e) Ark.Stat.1947 Anno. (1961 Addendum).[3]

The Court further concludes that all of the factual and legal requirements for the plaintiff to hold a perfected security interest in the account due Chamber Frames, Inc., from S. S. Kresge, doing business as K-Mart, were perfected as of April 25, 1968.

As to the paramount issue on the question of the relative preference of the competiting claims between the plaintiff and the intervenor, United States of America, a lien for federal taxes under 26 U.S.C. § 6321 et seq., is entitled to priority over all other liens against the subject property which had not attached to the property and become choate prior to the time when the federal lien was perfected. General Tel. Co. of Ill. v. American Cas. Co. of Reading, Pa., 226 F.Supp. 929, 931 (D.C.1964), and cases cited therein.

"The general principle applied to the priority question is the maxim of first in time, first in right." General Tel., supra.

26 U.S.C. § 6323 as relevant herein provides:

"(a) The lien imposed by section 6321 shall not be valid as against any

---

3. Both parties raise the question as to the application of Section 68–805 Ark.Stat. 1947 Anno. (1957 Replacement) and whether or not the section was repealed by inference with the adoption of the Uniform Commercial Code by the Arkansas Legislature in 1961. In view of the conclusions of the Court as to the significant part of the outstanding accounts, it is unnecessary to reach this question as applicable herein.

purchaser, holder of security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate." (Subsection (f) provides the place for filing, etc.)

Since the lien notice was not filed until November 26, 1968, subsequent to the perfected choate lien of the plaintiff April 25, 1968, the Court concludes the government's lien was subordinate to that of the plaintiff.

It follows that the motion of the United States of America for summary judgment will be denied. There being no material facts at issue, the plaintiff is entitled to judgment as a matter of law, and its motion for summary judgment will be granted.

An order will be entered in accordance with the findings and conclusions expressed herein, together with additional judgments to which the plaintiff is entitled from the record of this proceeding.