461 F.Supp. 1213 (1978)
In re B. HOLLIS KNIGHT CO., Debtor.
Charles Darwin DAVIDSON, Trustee, Plaintiff,
v.
UNION NATIONAL BANK OF LITTLE ROCK, Defendant.
No. LR-77-25-B.
United States District Court, E. D. Arkansas, W. D.
December 18, 1978.
Charles Darwin Davidson, Trustee, pro se.
W. R. Nixon, Jr., Little Rock, Ark., for defendant.

MEMORANDUM OPINION
ARNOLD, District Judge.
On January 19, 1977, B. Hollis Knight Co., Inc., filed a Petition in Bankruptcy. The trustee then filed a Complaint initiating an adversary proceeding, naming as a defendant Union National Bank of Little Rock (UNB). The trustee alleged that he had come into possession of $8,919.72 representing the proceeds of a contract performed *1214 by the debtor, and that these moneys had been deposited in the trustee's account pursuant to court order. It further was alleged that UNB claimed a portion of these moneys by virtue of a security interest, but that the security interest was defective because UNB had not filed proper and accurate financing statements with the Secretary of State and Circuit Clerk. UNB answered claiming a perfected security interest. After trial, the Bankruptcy Court found for UNB and directed the trustee to pay UNB $8,449.69, the amount owed by the debtor on the date of the petition.
The facts as found by the Bankruptcy Court are these. On January 11, 1977, the debtor had eight outstanding accounts receivable totaling $68,374.58. On that date UNB lent the debtor $6800.00 evidenced by a promissory note and secured by an assignment of an account receivable in the sum of $9720.60 due the debtor from Process and Power, Inc., for work completed, evidenced by a writing signed by agents of the debtor and Process and Power, Inc. (PPI). On January 19, 1977, the date the petition was filed, the debtor was indebted to UNB for this loan and prior loans in the total sum of $8449.69.
Based upon these findings, the Bankruptcy Court concluded that UNB's lien was perfected prior to the lien of the trustee and was entitled to priority under Ark.Stat. Ann. Sec. 85-9-312(5)(a). The Court reasoned that the assignment to UNB of the PPI account was not a significant part of the outstanding accounts receivable of the debtor as of January 11; thus, under Ark. Stat.Ann. Sec. 85-9-302(1)(e), UNB was not required to file a financing statement to perfect its security interest. Its interest was perfected on January 11, the date it attached, according to Sec. 9-303(1).
The trustee raises several points on appeal. The focal issue appears to be whether the PPI account, which was assigned to UNB, constituted a "significant part" of the debtor's outstanding accounts receivable within the meaning of Ark.Stat.Ann. Sec. 85-9-302(1)(e). If it was a significant part, then a financing statement was necessary to perfect UNB's lien. Both parties appear to agree that this is a correct statement of the law. The parties disagree, however, as to which of the assets listed by the debtor as accounts receivable should be counted as "outstanding accounts" within the meaning of Ark.Stat.Ann. Sec. 85-9-302(1)(e). The trustee's position is that accounts that proved to be uncollectible, including construction contract accounts uncollectible because of retainage, should not be considered "outstanding accounts." If the trustee is correct, then the amount of money represented by outstanding accounts is reduced substantially, the PPI account representing roughly 25% to 50% depending upon the amount of the reduction  clearly a significant part of the outstanding accounts. UNB's position is that outstanding accounts means all accounts receivable listed by the debtor on its statement of affairs. Thus defined, the PPI account represents roughly 14% of the outstanding accounts  not a significant part under this Court's holding in Standard Lumber Co. v. Chamber Frames, Inc., 317 F.Supp. 837 (E.D.Ark.1970).
Testimony at trial revealed that of the $68,374.58 listed by the debtor as accounts receivable on its statement of affairs, roughly $27,000.00 was retainage withheld by Richardson Construction Company because the debtor had not completed to Richardson's satisfaction construction work contracted for. Retainage was also involved in other smaller accounts and constituted at least 50% of the total accounts receivable, according to Bud Christianson, the debtor's president and sole stockholder at the time petition was filed.
The purpose of retainage is to assure the contractor that the subcontractor (here, the debtor) would complete the required work to the satisfaction of the owner and architect. The debtor had not completed work on several contracts, a condition precedent to securing payment on the accounts in question.
It is the opinion of this Court that the court below was correct in including retainage in the total outstanding accounts of the *1215 bankrupt, and the judgment will be affirmed. Ark.Stat.Ann. Sec. 85-9-106 defines "account" as "any right to payment for goods sold or leased or for services rendered . . . whether or not it has been earned by performance." Since an account need not be earned by performance, it seems irrelevant that retainage was withheld to assure completion of performance. Moreover, it seems irrelevant that the trustee was unable to collect certain accounts. The trustee has cited no contrary precedent. Thus, the $9,720.60 account receivable from Process and Power, Inc., constituted roughly 14% of the bankrupt's $68,374.58 in outstanding accounts. In Standard Lumber Co. v. Chamber Frames, supra, Judge Harris held that an assignment representing 16% of the defendant's total outstanding accounts receivable was not a "significant part" within the meaning of Ark.Stat.Ann. Sec. 85-9-302(1)(e). This Court accepts that holding.
It follows that no financing statement was necessary to perfect UNB's security interest in the PPI account. Its lien was perfected prior to the lien of the trustee and is entitled to priority. The Court has reviewed the other points raised by the trustee and finds them to be without merit. The judgment of the court below will be affirmed.

JUDGMENT
In accordance with the Memorandum Opinion entered herein, the judgment of the Bankruptcy Court is affirmed this 18th day of December, 1978.