**DONALD W. BOWER, Inc.,**
**Appellant,**

v.

**Robert B. FRANK, Trustee of Manning-Winthrop Corporation, Bankrupt,**
**Appellee.**

**No. 12400.**

United States Court of Appeals,
District of Columbia Circuit.

Argued Jan. 20, 1955.

Decided Feb. 8, 1955.

Mr. Israel J. Mendelson, Washington, D. C., with whom Mr. Adrian P. Fisher,

Washington, D. C., was on the brief, for appellant.

Mr. Ward H. Oehmann, Washington, D. C., for appellee.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

The Manning-Winthrop Corporation, which had the general contract for renovating property in Montgomery County, Maryland, owned by the Girl Scouts of America, was substantially indebted to its plumbing and heating subcontractor, Donald W. Bower, Inc., for its part of the work. Being in financial difficulties, Manning-Winthrop persuaded Bower to release whatever lien on the Girl Scouts' property it may have had or may have been entitled to under Maryland law, and to accept the principal contractor's postdated check for the amount due.

This arrangement enabled Manning-Winthrop to collect from the Girl Scouts the balance due under the general contract, a sum somewhat smaller than the amount it owed Bower. The latter expected that the collection would enable it to cash the postdated check. This expectation was not realized. Part of the money so collected was used for general corporate purposes, but a considerable portion was on deposit in a bank (not the bank on which the postdated check was drawn) to its credit when Manning-Winthrop filed a voluntary petition in bankruptcy. It was duly adjudicated a bankrupt slightly more than a month after the money was collected from the Girl Scouts.

Bower's petition that the bank balance be surrendered to it by the trustee in bankruptcy was denied by the Referee. On petition to review, that action was affirmed by the District Court. This appeal followed.

Our opinion is that the District Court correctly upheld the Referee's ruling. Bower voluntarily released its right to

be secured by a lien on the Girl Scouts' property. It elected, at its peril, to take instead its debtor's postdated check, and is merely an unsecured general creditor of the bankrupt. In the circumstances a constructive trust enforceable against the bankrupt's estate did not arise.

Affirmed.