**In the Matter of H. G. PRIZANT & CO.
No. 65 B 7478.**

United States District Court
N. D. Illinois, E. D.
June 24, 1965.

Carroll A. Teller and Howard M. Turner, Teller, Levit & Silvertrust, Chicago, Ill., for petitioner.

J. H. Schwartz and Malcolm M. Gaynor, Schwartz, Cooper, Kolb & Cohen, Chicago, Ill., for debtor.

### MEMORANDUM OPINION

MAROVITZ, District Judge.

Petition for Review.

This is a petition for review of a bankruptcy order issued by Referee Victor E.

LaRue on March 30, 1966. Petitioner, Powers Regulator Co., does not contest the findings of fact entered on that date, but objects to the legal conclusions based thereon under which it was classified as a general unsecured creditor.

The Referee found, in essence, that prior to the filing of Chapter XI proceedings herein, petitioner, a subcontractor, had furnished work, labor and materials in the sum of $59,441.80 under an agreement with the debtor herein, H. G. Prizant & Co., the latter operating under a contract with Chicago Industrial District to construct portions of the Ford City Shopping Center. On August 16, 1965, one Sheldon Prizant, Secretary of the debtor company, issued a check in the amount of $25,000 to petitioner for work performed, post-dated to August 27, 1965, in return for which petitioner waived its mechanic's lien up to the same amount against the real estate upon which the project was located. Petitioner entered into this transaction on Prizant's assertion that the debtor did not have sufficient funds to compensate it on that date, and that such money could be obtained from C.I.D. only upon completion of the waiver. On August 27, 1965, debtor, through its bookkeeper, Dan Sayad, informed petitioner that while the waivers had been furnished to C.I.D., the monies had not yet arrived, and that petitioner should not deposit the check. It was thereafter agreed that as soon as the funds became available, the debtor Prizant would issue notice thereof. Additional phone calls were then made whereby the debtor reaffirmed this position, and the payout agent for the financing bank was notified of the arrangement. On September 9, 1965, at noon, the payout agent delivered to debtor a check for $30,435, which check debtor deposited in its account at the First National Bank of Chicago. At 2:30 p. m., the payout agent informed petitioner of the delivery to debtor. On the following morning, September 10, 1965, debtor called the First National Bank and was advised that his check would not be honored inasmuch as the instant Chapter XI proceedings had been filed by debtor at 5 p. m. the previous afternoon. A major portion of the deposited funds were then transferred to the account of the Debtor in Possession operating under the Chapter XI proceedings.

On petition of Powers Regulator Co. to impress a trust for its benefit upon the proceeds of the aforesaid check, the Bankruptcy Court held that the election of petitioner to take the postdated check in return for the waiver gave rise to a debtor-creditor relationship between the parties, and that the assets of Prizant, including the check at issue, are free of any lien asserted by Powers. It was further adjudged that Powers, under the aforesaid facts, maintains the status of a general unsecured creditor only.

It is from that order that Powers has petitioned this Court for review. Pursuant to authority vested in this Court under Bankruptcy General Order No. 47, prescribed by the United States Supreme Court under Section 30 of the Bankruptcy Act. (Sec. 53, Title 11, U.S.C.), we shall reverse the conclusions of law entered by the Referee herein.

Having reviewed the factual findings of the Bankruptcy Court, and the applicable authorities, it is the opinion of this Court that the petitioner is entitled to status as a lien creditor, in law, and alternatively, that the Referee should properly have impressed an equitable lien or trust in favor of petitioner.

■ While it is clear that petitioner, at the urging of Prizant, waived its mechanic's lien against the real estate (Sec. 1, Chap. 82, Ill.Rev.Stats.) on which the construction project was located, so as to effect payment from C.I.D., there is no indication that any waiver whatsoever was made by petitioner as to the lien he retained, as a subcontractor, over the funds due his general contractor pursuant to Section 21, Chap. 82, Ill.Rev.Stats. Said statute, operating independently, provides that a subcontractor "shall have a *lien* for the value (of services and materials furnished to the contractor) * * * as against the creditors of the contractor

\* \* \* on the moneys or other considerations due or to become due from the owner under the original contract." We are thus satisfied that the Bankruptcy Court erred in holding that the waiver issued by petitioner herein destroyed the secured creditor status of Powers, and substituted in its stead a debtor-general creditor relationship.

As the Illinois Supreme Court stated in Douglas Lumber Co. v. Chicago Home for Incurables, 380 Ill. 87, 43 N.E.2d 535, in construing the distinction between the two lien-imposing sections:

> "The waiver of liens executed by plaintiff \* \* \* waived the liens on the real estate but now defendants contend that they should be construed as being a release of plaintiff's liens on funds due from the owner to the contractor \* \* \*. It is obvious that the subcontractor under this section has a lien on the money due from the owner to the general contractor as well as a lien on the real estate."

The Referee determined in his uncontested findings of fact that the waiver herein was limited to the mechanic's lien on the real estate itself, and, indeed, this is the security with which C.I.D. was concerned. There would appear to be no valid reason to permit the debtor to extend that waiver so as to encompass the Section 21 lien on funds due, as well.

■ While an overly strict reading of Section 21 might lead to the conclusion that petitioner's mechanic's lien was destroyed once the funds were paid over to the contractor, and were then no longer "due or to become due," we cannot adopt such a view in light of the language of Section 39, Chap. 82, of the Ill.Rev. Stats. which provides that the Mechanic's Lien Act is to be liberally construed as a remedial statute. See Granite City Lime and Cement Co. v. Board of Educ., 203 Ill.App. 134, 140, wherein the Court held that the object of the lien law is to protect good faith contractors and subcontractors, and that said object should not be defeated by a strict reading of the statute. As petitioner aptly argues, if his lien on the real estate, now waived, could not be destroyed by transfer of said property to the contractor, there is no logical reason why the instant lien should disappear upon receipt of payment by the debtor.

Bower v. Frank, 219 F.2d 509 (D.C. Cir., 1955), relied on by the Bankruptcy Court, can be distinguished, in that the Court there, was dealing with Maryland law, under which the real estate lien waived therein, was the exclusive remedy available.

■ Alternatively, on the facts presented to this Court, we are prepared to impress an equitable lien or trust upon said funds. Where, as here, funds are turned over to a debtor for the *special purpose* of paying same to a third party to whom they are due, a court of equity is free to act to achieve the intended result. This, indeed, was the effect of our May 27, 1966 order in 65 B 4372, In the Matter of United Milk Products Co. In that case, this Court affirmed the decision of Referee LaRue, and held that the Debtor-in-Possession had no right to retain as assets of the debtor, monies which had been turned over to said debtor, as a conduit, by the Market Administrator for the purpose of settling debts owed to suppliers of milk.

■ In the instant action, as in *United Milk Products,* the funds were delivered to the debtor with the intention that same were to be used to satisfy petitioner's claims. Indeed, were it not for petitioner's waiver, a condition of payment by C.I.D., the monies would never have been forwarded at all. The debtor should not now be permitted to retain control of those funds, interest in which never properly vested in it. The prior rights of petitioner, as demonstrated by the uncontested factual findings should not be defeated by debtor's self-serving deposit of same into its personal bank account. Debtor, as a conduit, served merely as an agent charged with the delivery of $25,000 to petitioner. See Carrier Corp. v. J. E. Schecter Corp. (2d Cir., 1965), 347 F.2d 153. Its failure to so deliver will not defeat petitioner's

rights to the benefit of unsecured creditors, those creditors having never relied upon the funds in issue when entering into transactions with the debtor.

In In re Kountze Bros. (2d Cir., 1939), 104 F.2d 157, cited by the Bankruptcy Court to support its conclusions, the Court held that where money was deposited in a bank which later became bankrupt, the depositors must be considered as general unsecured creditors in the absence of proof that the bankrupt was "not to use the funds in their general business." The facts before this Court directly demonstrate that the monies paid to Prizant, whose position here is analogous to that of the bank in the above cited case, were earmarked for payment to petitioner, and that Prizant had agreed to deposit same for withdrawal immediately upon receipt.

To prevent the debtor's estate and the general creditors from realizing an unjust enrichment to the detriment of petitioner here, we shall accordingly reverse the decision of the Bankruptcy Court entered herein.