**In re IAN HOMES, INC., Debtor.**

**JOHNSON HYDRO SEEDING CORPORATION, Movant,**

v.

**IAN HOMES, INC., Respondent.**
**(Two Cases)**

**Bankruptcy No. 90–4–3862–PM.**
**Motion Nos. 91M–0639–PM,**
**91M–0640–PM.**

United States Bankruptcy Court, D. Maryland.

May 9, 1991.

**934**

William Davidson, Fairfax, Va., for movant.

Richard Gins, Washington, D.C., for debtor in possession.

### MEMORANDUM OF DECISION

PAUL MANNES, Chief Judge.

Before the court are two motions seeking modification of the stay of 11 U.S.C. § 362(a) seeking to enable the movant to proceed in state court to seek to perfect mechanics' liens against the debtor's property. The facts are not in dispute.

Once again this court will consider the relationship of bankruptcy law and the Maryland law of Mechanics' Liens found in Maryland Real Property Code Ann. §§ 9–

101 *et seq.* (1974) ("MLL"). The court is asked to reconsider and fine tune its ruling in the case of *In re Fitness Connection, Inc. (Jenkins v. Fitness Connection, Inc.),* 76 B.R. 534 (Bkrtcy.D.Md.1987). The case at bar differs from *Fitness Connection* in one aspect. Here, the movant-supplier filed its petitions to enforce Mechanics' Liens on October 19, 1990, prior to the November 16, 1990, filing of this bankruptcy case under Chapter 11. Nonetheless, the court finds the reasoning of *Fitness Connection* persuasive. The court will not terminate the stay.

Resolution of this case may be of academic interest only. The holders of secured claims are subject to adequate protection orders, the terms of which if not satisfied would lead to foreclosure by these seemingly undersecured creditors. Furthermore, under MLL § 9–108, this would-be mechanics' lienor shares on a pro rata basis with all other such individuals.

Without dealing with the concern of whether the prebankruptcy filing of the petitions to establish and enforce mechanics' liens stripped one of the strongarm powers from the Chapter 11 debtor as trustee under 11 U.S.C. § 1107(a),[1] the would-be lienor is mortally wounded by other strongarm powers of the trustee under 11 U.S.C. § 544(a), that is, the power of a holder of a judicial lien and the holder of an unsatisfied execution against the debtor.

The trustee holds priority as a judgment creditor in all events. The critical date is the date that the lien is established under MLL § 9–106(b). While the bona fide purchaser is forewarned under MLL

---

1. Maryland Real Property Code Ann. § 9–102(e) states:

    **§ 9–102. Property subject to lien.**
    (e) Filing of petition constitutes notice to purchaser.—The filing of a petition under § 9–105 shall constitute notice to a purchaser of the possibility of a lien being perfected under this subtitle.
    *Cf. In re Hartman Paving Co., Inc.,* 745 F.2d 307 (C.A.4 1984) (Despite 11 U.S.C. §§ 544(a) and

    1107(a), debtor having actual knowledge of defective deed did not acquire status of an ideal bona fide purchaser.); *In re Sandy Ridge Oil Co., Inc.,* 807 F.2d 1332, 1334–38 (C.A.7 1986) (Congress did not intend that Chapter 11 debtor's actual knowledge of mortgage prevented it from asserting strongarm clause, because knowledge is irrelevant under 11 U.S.C. § 544(a), *citing In re Hartman Paving,* 745 F.2d at 311 (Winter, C.J., dissenting.)).

§ 9–102(e),[2] and possibly the trustee under 11 U.S.C. § 545(2) of the Bankruptcy Code, no lien exists until the passage of a final order under MLL § 9–106. *Himmighoefer v. Medallion Industries, Inc.*, 302 Md. 270, 487 A.2d 282, 285–86 (1985). Therefore, the trustee's (here the Chapter 11 debtor's under 11 U.S.C. § 1107) § 544(a) status as a judgment creditor as of the commencement of the case primes the embryionic mechanics' lien. Were the impact of Maryland law that the lien related back to the time of the underlying debt's creation, the result might be different as explained in *In re LoPriore (LoPriore v. Imperia Bros., Inc.)*, 115 B.R. 462, 463 (Bkrtcy.S.D.N.Y. 1990).

For the foregoing reasons, the court will enter an order denying the motions for relief from stay.

---

2. 11 U.S.C. § 545(2) provides:

   **§ 545. Statutory liens**
   The trustee may avoid the fixing of a statutory lien on property of the debtor to the extent that such lien—

   \* \* \* \* \* \*

   (2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists.