In re **GERMANSEN DECORATING, INC., Debtor.**

**Alexander S. KNOPFLER, not individually but solely as Trustee, Plaintiff,**

v.

**ADDISON BUILDING MATERIAL CO., INC., et al., Defendants.**

Bankruptcy No. 89 B 07273.
Adv. No. 91 A 00109.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Jan. 22, 1993.

---

524

Faye B. Feinstein, Altheimer & Gray, Chicago, IL, for trustee.

Paul Hansfield, Fuchs & Roselli, Chicago, IL, for Petersen–Lund.

### MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter is before the court on two motions of Petersen–Lund Paint Company brought under Fed.R.Civ.P. 12(b)(6), made applicable to adversary proceedings in bankruptcy cases by Fed.R.Bankr.P. 7012, to dismiss Count IX of an adversary complaint brought by the trustee, Alexander S. Knopfler, against Petersen–Lund.[1] The first motion seeks to dismiss Counts IX–A through IX–T of the Trustee's complaint, which seek a declaratory judgment with respect to the validity and enforceability of Petersen–Lund's mechanic's lien claims against the Debtor, Germansen Decorating, Inc. The second motion seeks to dismiss Count IX–U of the Trustee's complaint, which seeks to avoid certain postpetition transfers of property of the estate made by the Debtor to Petersen–Lund while this case was in Chapter 11 and the Debtor was functioning as the debtor-in-possession. For the reasons stated below, the court denies both of Petersen–Lund's motions.[2]

### FACTS

The Debtor was a subcontractor engaged in the painting and decorating of commercial property. Petersen–Lund was a supplier of paint and related materials to the Debtor.

On May 1, 1989, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. No trustee was appointed, and the debtor operated its business as a debtor in possession. Petersen–Lund continued to supply the Debtor with paint and other materials during the Chapter 11 case. However, the Debtor's reorganization attempt failed, and on August 24, 1990, this case was converted to Chapter 7. The United States Trustee appointed Alex-

---

**1.** The Trustee's complaint actually contained nine counts against a number of defendants. The only relevant count in the instant proceeding, however, is Count IX, the count relating to Petersen–Lund.

**2.** Fed.R.Civ.P. 12(b) provides that "if, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not ex-

cluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

In this case, both parties did submit affidavits to the court in support of their respective positions. However, the court has not needed to consider the affidavits in deciding these motions. Thus, the court is not required to treat the motions as motions for summary judgment.

ander S. Knopfler as the interim Chapter 7 trustee, and, when creditors failed to exercise their right to elect a trustee, Mr. Knopfler became the permanent Chapter 7 trustee. *See* § 702(d).[3]

At the time of the conversion to Chapter 7, the Debtor's books and records indicated that it was owed in excess of $377,000 from various general contractors for its work on a number of construction projects. However, the Debtor's records also showed that many of Debtor's suppliers, including Petersen–Lund, had not been paid for materials supplied to the Debtor for those projects. When the Trustee sought payment from the Debtor's general contractors, the Debtor's general contractors refused to pay the Trustee until the Trustee obtained appropriate mechanic's lien waivers from the suppliers.

The Trustee found that he could not get acceptable lien waivers from the suppliers. On January 29, 1991, the Trustee filed the instant complaint for a declaratory judgment. Count IX seeks a determination that Petersen–Lund did not have valid and enforceable mechanic's lien claims against the property improved by the Debtor in the following projects for which Petersen–Lund gave the Debtor materials:

| Count | Project | Final Delivery |
|---|---|---|
| IX–A | Kingsberry Court | July 6, 1990 |
| IX–B | 325 W. Huron | June 18, 1990 |
| IX–C | Southwest Exp. | June 18, 1990 |
| IX–D | Tammerlane Dup. | July 11, 1990 |
| IX–E | 350 Hubbard | July 9, 1990 |
| IX–F | Medical Office | July 11, 1990 |
| IX–G | Protection/Adv. | August 15, 1990 |
| IX–H | 221 N. LaSalle | July 31, 1990 |
| IX–I | 120 N. LaSalle | July 15, 1990 |
| IX–J | Willowbrook Ath. | March 3, 1990 |
| IX–K | Motorola | July 11, 1990 |
| IX–L | Cross Roads | June 4, 1990 |
| IX–M | Landis & Gyr | June 26, 1990 |
| IX–N | Bradley Rd. | July 31, 1990 |
| IX–O | Village Crossing | August 2, 1990 |
| IX–P | Shaw Institute | June 13, 1990 |
| IX–Q | Randhurst Roof | August 16, 1990 |
| IX–R | Wachtell, Lipton | June 18, 1990 |
| IX–S | 311 S. Wacker | August 22, 1990 |
| IX–T | Canal Center | August 22, 1990 |

The Trustee argues that: (1) with respect to the deliveries in Counts IX–A through IX–E, Counts IX–G through IX–J, and Counts IX–L through IX–S (the "noncompliance counts"), Petersen–Lund failed to comply with the requirements of the Illinois Mechanic's Lien Act, Ill.Rev.Stat. ch. 82, § 1 *et seq.* (1991) for creating perfected mechanic's lien claims; (2) with respect to the deliveries in Count IX–F and IX–K, Petersen–Lund waived any mechanic's lien claims (the "waiver counts"); and (3) with respect to the delivery in Count IX–T, Petersen–Lund failed to properly comply with the notice provision of the Mechanic's Lien Act. Thus, the Trustee claims, Petersen–Lund's claims are unperfected and fall to the Trustee's strong arm power under § 544(a) of the Bankruptcy Code.

On July 23, 1991, the Trustee amended his complaint to add Count IX–U against Petersen–Lund. Count IX–U seeks to recover three postpetition payments allegedly made by the Debtor, acting as the Debtor–In–Possession and without court approval, to Petersen–Lund totalling $29,715.19 on account of prepetition debt owed to Petersen–Lund. The Trustee claims that the postpetition transfers are recoverable either: (1) under § 549 as unauthorized postpetition payments; or (2) under § 362 as transfers made in violation of the automatic stay.

Subsequently, Petersen–Lund filed the instant motions to dismiss Counts IX–A through IX–T and Count IX–U for failure to state grounds on which relief could be granted.

## JURISDICTION AND PROCEDURE

The court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334(b) as a matter arising under §§ 362, 501, 502, 506, and 549 of the Bankruptcy Code. The matter is before this court under Local Rule 2.33 of the United States District Court for the Northern District of Illinois,

---

**3.** Unless otherwise noted, all references are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (1993).

automatically referring bankruptcy cases and proceedings to this court for hearing and determination. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(E), (G) and (K).

## STANDARD FOR MOTION TO DISMISS

■ Under Fed.R.Civ.P. 12(b)(6), made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 7012, dismissal of a complaint is appropriate if the complaint fails to state a claim upon which relief can be granted and the moving party is entitled to judgment as a matter of law. *Conley v. Gibson*, 355 U.S. 41, 46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). On a Rule 12(b) motion, the plaintiff's allegations must be taken as true and must be viewed, along with all reasonable inferences to be drawn therefrom, in the light most favorable to the plaintiff. *Redfield v. Continental Casualty Corp.*, 818 F.2d 596, 606–07 (7th Cir. 1987). The plaintiff has failed to state a claim upon which relief can be granted if the complaint does not adequately plead some theory upon which the plaintiff could recover. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

## DISCUSSION

I. *Motion to Dismiss Counts IX–A Through IX–T*

■ The Mechanic's Lien Act requires any person furnishing labor or materials to give written notice of that person's claim to the owner of record or the owner's agent within 90 days of the final delivery of the material or labor.[4] Service of such written notice on the owner or the owner's agent by the supplier is a condition precedent to obtaining and perfecting a mechanic's lien claim. *Suddarth v. Rosen*, 81 Ill.App.2d 136, 224 N.E.2d 602, 603 (2 Dist.1967). If the supplier is not paid within 10 days after notice is served, the supplier must, within

four months after delivery, either: (1) file a mechanic's lien claim in the county recorder's office; or (2) file a complaint to enforce its lien. Ill.Rev.Stat. ch. 82, ¶¶ 7, 28.

■ Upon taking either action during the four months after delivery, the supplier will have a perfected mechanic's lien claim. In addition, because the supplier acted during the four month period, its lien claim will relate back to delivery, thereby taking priority over any other liens or interests perfected after the delivery, even if such other liens or interests were perfected first. Ill.Rev.Stat. ch. 82, ¶ 16; *Firstsouth, F.A. v. LaSalle National Bank*, 766 F.Supp. 1488, 1489 (N.D.Ill.1991).

■ On the other hand, if the supplier fails to comply with the requirements of the Mechanic's Lien Act, the supplier's lien claim against the owner's property is unperfected and would not stand up against the claim of a bona fide purchaser of any real property allegedly subject to the unperfected mechanic's lien. Thus, if the owner filed bankruptcy, an unperfected mechanic's lien claim would fall to a trustee's exercise of his strongarm powers under § 544(a) of the Bankruptcy Code. *In re Ian Homes, Inc.*, 126 B.R. 933, 935 (Bankr.D.Md.1991); *In re Joseph M. Eaton Builders, Inc.*, 93 B.R. 428, 431 (Bankr. W.D.Pa.1988).[5]

A. The Noncompliance Counts (Counts IX–A through IX–E, Counts IX–G through IX–J, and Counts IX–L through IX–S)

■ With respect to the noncompliance counts, the Trustee's complaint alleges that Petersen–Lund failed to perfect its mechanic's lien claims because it did not comply with the requirements of the Mechanic's Lien Act. Compliance with the Mechanic's Lien Act is a prerequisite to obtaining and perfecting a mechanic's lien claim. *Ian Homes*, 126 B.R. at 935; *Eaton Builders*, 93 B.R. at 431. Therefore, assuming the

---

4. For purposes of simplicity, the court will treat Petersen–Lund as a supplier of materials only. The result would not change if Petersen–Lund supplied materials, labor, or both.

5. A mechanic's lien claimant who had failed to perfect would have no lien claim against the funds paid by the owner to the contractor that would survive against a judicial lien creditor

Trustee's allegations to be true, as the court must in the context of the instant motion, Petersen–Lund's mechanic's lien claims with respect to the noncompliance counts are unperfected and fall to the Trustee's § 544(a) strong arm power. Thus, the Trustee has stated a claim upon which relief can be granted with respect to the noncompliance counts.

Petersen–Lund claims that the noncompliance counts should be dismissed, however, because Petersen–Lund has an affirmative defense on which Petersen–Lund is entitled to judgment as a matter of law. To comply with the Mechanic's Lien Act and thus obtain a perfected mechanic's lien claim on the property improved, a supplier can, within four months of delivery, either: (1) record a mechanic's lien; or (2) commence an action to enforce the lien. When this case was converted from Chapter 11 to Chapter 7, the four month period had not yet expired with respect to the claims in question. After the expiration of the four month period for all of its claims, Petersen–Lund filed a proof of claim (in lieu of suing to enforce its lien) against the Debtor in this bankruptcy proceeding in connection with the deliveries associated with the non-compliance counts.[6] Petersen–Lund claims that its action to enforce its mechanic's lien claims was timely and sufficient to obtain and perfect valid mechanic's lien claims under the Mechanic's Lien Act, because the automatic stay which arose upon conversion of the case to Chapter 7 had the effect of tolling the four month period.[7] The court disagrees.

Petersen–Lund relies on *Garbe Iron Works, Inc. v. Preister*, 99 Ill.2d 84, 75 Ill.Dec. 428, 431, 457 N.E.2d 422, 425 (Ill. 1983), which held that the automatic stay tolled the two year statute of limitations for bringing an action to enforce a lien under ¶ 9 of the Mechanic's Lien Act. However, the two year statute of limitations is far different from the time period for perfecting lien rights permitted by § 546(b).[8]

The two year period is an absolute statute of limitations on the assertion of a mechanic's lien claim against an owner of property. *Well Done Heating v. Ralph Schwartz & Assoc.*, 112 Ill.App.3d 438, 68 Ill.Dec. 3, 6, 445 N.E.2d 451, 454 (1983). The key here is not the two year period but the four month period for either recording a mechanic's lien or filing an action to enforce a mechanic's lien. Ill.Rev.Stat. ch. 82, ¶¶ 7, 28. The reason the four month period is the key is that if the mechanic's lien claimant acts within the four month period to perfect its lien, the perfection will relate back and be good against any intervening claimants. If the mechanic's lien claimant lets the four month period expire before perfection, but does perfect within

---

seeking those same funds. Therefore, a lien against funds asserted by the holder of an unperfected mechanic's lien also would lose to the trustee's subsequent strong arm power.

**6.** Such a notice of claim in lieu of suing is provided for in § 546(b) of the Bankruptcy Code. It clearly would have constituted a commencement of an action sufficient to obtain and perfect valid mechanic's lien claims, if timely, under the Mechanic's Lien Act.

**7.** It is unclear why Petersen–Lund argues that the automatic stay was tolled upon conversion of the case. The automatic stay has been in effect since May 1, 1989, the date the Chapter 11 petition was filed. With certain exceptions not applicable here, conversion of a case "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). There-fore, conversion of a case from a Chapter 11 to a Chapter 7 does not trigger a new automatic stay. *In re State Airlines, Inc.*, 873 F.2d 264, 268 (11th Cir.1989).

**8.** Section 546(b) provides:

"The rights and powers of a trustee under sections 544, 545 and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement."

the two year period, it will have a lien that is good against the owner, but is not good against intervening claimants. Thus, the difference between the four month and two year periods in the bankruptcy contest is dramatic. The key is § 544(b) of the Bankruptcy Code.[9]

Assume that a mechanic's lien claimant completes delivery two months before the owner's filing of a bankruptcy petition. Section 546(b) provides that the four month deadline continues to run even after the bankruptcy petition is filed. If the claimant acts on a timely basis to perfect before the original four month period fixed by Illinois law runs, by either recording its mechanic's lien claim or by filing a notice of its claim with the bankruptcy court (in lieu of suing to enforce the lien), its perfected mechanic's lien claim will relate back to the date of final delivery under Illinois law. *In re Saberman*, 3 B.R. 316, 318 (Bankr.N.D.Ill.1980). Since the date of final delivery was prepetition, the mechanic's lien claim will be retroactively deemed perfected at the time of the petition and will be good against the trustee's strong arm power to avoid unperfected liens and transfers found in § 544(a) of the Bankruptcy Code.[10]

If on the other hand, the mechanic's lien claimant waits until three months after the petition had been filed to perfect, i.e., five months after final delivery, the lien claim fails against the trustee's exercise of his strong powers under § 544(a). This is true because under Illinois law, perfection after the four month period expires does not relate back as against intervening claimants. *Saberman*, 3 B.R. at 318. Accord-

ingly, § 546(b) does not apply to such a perfection, and the claimant remains unperfected at the date of the petition.

█ The argument that the four month deadline is tolled by virtue of the automatic stay is utterly without merit for one simple reason. Section 362(b)(3) of the Bankruptcy Code specifically provides that the automatic stay does not apply to actions to perfect liens under § 546(b). Since Petersen–Lund was not stayed from perfecting its mechanic's lien claims as to which the four month period had not run on the date of the Chapter 11 petition, there is no reason the serendipity of the failure of the Chapter 11 case and the conversion of the case to Chapter 7 should extend the period for perfecting mechanic's liens which would relate back to have the perfection deemed prepetition. *See* § 108(c)(1).

Nothing in *Garbe Iron Works* suggests a different result. In fact, the court believes that the result in *Garbe Iron Works* is entirely consistent with the result reached in this opinion. Once the four month period expires (be it prepetition or postpetition), the next deadline the unperfected mechanic's lien creditor has to worry about is the two year deadline. Once that is passed, the mechanic's lien claim is time barred.

A simple example will clarify the ruling in *Garbe Iron Works*. Assume the four month period expired prepetition without action by the holder of an unperfected mechanic's lien. One month thereafter, the Debtor files a Chapter 7 petition. Now the claimant is stayed from perfecting the mechanic's lien. § 362(a)(4). If the case is an

9. Section 544(b) provides:
"The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

10. This is true because had the owner not filed bankruptcy two months after final delivery, but instead had sold the property to a bona fide purchaser without notice of the mechanic's lien claim, and the mechanic's lien claimant perfect-

ed before the four month period expired, the mechanic's lien claim would be good as against the bona fide purchaser under Illinois law. *Crane Erectors & Riggers v. LaSalle Nat. Bank*, 125 Ill.App.3d 658, 80 Ill.Dec. 945, 950, 466 N.E.2d 397, 402 (2 Dist.1984). Therefore, the trustee's hypothetical status as a bona fide purchaser under § 544(a) would do him no good as against the mechanic's lien claimant under Illinois law. *Saberman*, 3 B.R. at 318; *In re Cutty's–Gurnee, Inc.*, 133 B.R. 929, 932 (Bankr. N.D.Ill.1991).

abortive Chapter 11 case that lasts two years and then is dismissed, the claimant is arguably time barred from pursuing its mechanic's lien claims in a non-bankruptcy forum. Section 108(c) of the Bankruptcy Code prevents such an obviously unfair result by tolling the expiration of the two year period, and, at a minimum, giving the mechanic's lien claimant thirty days after dismissal to perfect its lien, even if the two years has run while the Chapter 11 was pending. *In re Cutty's–Gurnee, Inc.*, 133 B.R. 929, 933 (Bankr.N.D.Ill.1991); *In re Chemisphere Partners*, 90 B.R. 380 (Bankr.N.D.Ill.1988). *See also* § 362(c)(2)(B). This is all *Garbe Iron Works* stands for.

Thus, with respect to the noncompliance counts, the Trustee has stated a claim upon which relief can be granted.

### B. The Waiver Counts (Counts IX–F and IX–K)

▆▆▆▆ With respect to the waiver counts, the Trustee's complaint takes the position that, although Petersen–Lund did comply with the Mechanic's Lien Act, Petersen–Lund subsequently executed lien waivers, thus forfeiting its right to assert mechanic's lien claims. Lien waivers bar rights under the Mechanic's Lien Act, even if there is inadequate consideration for the waivers. *Luczak Brothers, Inc. v. Generes*, 116 Ill.App.3d 286, 71 Ill.Dec. 900, 910, 451 N.E.2d 1267, 1277 (1 Dist.1983). Consequently, assuming the Trustee's allegations to be true, as the court must in the context of the instant motion, Petersen–Lund's mechanic's lien claims with respect to the waiver counts are unperfected and fall to the Trustee's § 544(a) strong arm power. Thus, the Trustee has stated a claim upon which relief can be granted with respect to the waiver counts.

### C. Count IX–T

▆▆▆▆ With respect to Count IX–T, the Trustee's complaint alleges that Petersen–Lund failed to comply with the notice requirement of the Mechanic's Lien Act, since, although Petersen–Lund timely served notice on the general contractor of its claim, Petersen–Lund was required to serve notice on the owner of record or the owner's agent. A general contractor is clearly not the owner of record or the owner's agent; rather, a general contractor is "essentially [an] adverse part[y]" under the Mechanic's Lien Act. *Sanaghan v. Lawndale National Bank*, 90 Ill.App.2d 254, 232 N.E.2d 546, 550 (1 Dist.1967). Compliance with all provisions of the Mechanic's Lien Act, including the notice provisions, is a prerequisite to obtaining and perfecting a mechanic's lien claim. Consequently, assuming the Trustee's allegations to be true, as the court must in the context of the instant motion, Petersen–Lund's mechanic's lien claim with respect to Count IX–T is unperfected and falls to the Trustee's § 544(a) strong arm power. Thus, the Trustee has stated a claim upon which relief can be granted with respect to Count IX–T.

▆▆▆▆ Because the Trustee has stated a claim upon which relief can be granted on Counts IX–A through Count IX–T, Petersen–Lund's motion to dismiss those counts is denied.[11]

## II. *Motion to Dismiss Count IX–U*

▆▆▆▆ Petersen–Lund contends that Count IX–U of the amended complaint, which seeks to recover the postpetition transfers, must be dismissed because it is time barred by § 549(d)(1). While the court agrees that any attempt to recover the unauthorized postpetition payments un-

---

**11.** Petersen–Lund also contends that Counts IX–A through IX–T should be dismissed because it is a third party beneficiary to the contracts between the owner and the general contractors, and the property at issue is not property of the Debtor's estate, but rather is held by the general contractors in trust for all subcontractors, including Petersen–Lund.

Petersen–Lund relies on *In re H.G. Prizant & Co.*, 257 F.Supp. 145 (N.D.Ill.1965) and *In re*

*Tonyan Construction Company, Inc.,* 28 B.R. 714 (Bankr.N.D.Ill.1983), to support its theory. In both those cases, however, property was released to the debtor for the express purpose of paying a third party; that is, the debtor was "merely acting as a conduit" in holding property which was earmarked for the complaining party. *See Tonyan Construction,* 28 B.R. at 725. In addition, under Illinois law, a constructive trust cannot be imposed absent some showing of

der § 549 is time barred, that does not mean that the Trustee is time barred from trying to recover these payments under § 362 of the Bankruptcy Code.

■ Section 549(d)(1) requires that an action to avoid a post-petition transfer under § 549 be brought within two years after the date of the transfer sought to be avoided. The postpetition transfers which Count IX–U of the Trustee's amended complaint seeks to avoid were made between May 31, 1989 and July 18, 1989. However, the Trustee's complaint was not amended to add Count IX–U until July 23, 1991. Thus, by the time the Trustee's complaint was amended, the two year statute of limitations for bringing actions under § 549 had expired. Therefore, the Trustee may not attempt to recover the postpetition transfers under § 549.[12]

However, the Trustee may attempt to recover the postpetition transfers under § 362. The court's rationale in this regard is fully explained in *In re Germansen Decorating, Inc.*, 149 B.R. 517 (1992) (Ginsberg, J.). The reasoning of that opinion is adopted and made part of this opinion. Thus, Petersen–Lund's motion to dismiss Count IX–U of the Trustee's complaint is denied.

### CONCLUSION

For the foregoing reasons, Petersen–Lund's motions to dismiss are denied. Pet-

ersen–Lund shall have until February 10, 1993, to answer the complaint. The matter is set for status on February 18, 1993, at 10:00 A.M.

---

wrongdoing, such as fraud. *In re T. Brady Mechanical Services, Inc.*, 133 B.R. 441, 446 (Bankr.N.D.Ill.1991). Here, the Debtor was not "merely acting as a conduit"; property was not released to the Debtor for the express purpose of paying Petersen–Lund. Furthermore, even if the Debtor were acting as such a conduit, there has been no showing of any wrongdoing by the Debtor that caused Petersen–Lund to fail to perfect its mechanic's lien. Thus, the court should not impose a constructive trust, as such would give Petersen–Lund a windfall at the expense of the Debtor's other unsecured creditors in a situation where Petersen–Lund finds itself in an unfortunate position of its own making. *See id.*

12. The Trustee argues that its action under § 549 is not time barred because the amended complaint relates back to the date of the original complaint, January 29, 1991. The Trustee claims that because the allegations in both complaints arise out of the same contractual rela-

tion between the parties, the amended complaint should relate back. The Trustee's view is erroneous.

Under Fed.R.Civ.P. 15(c), made applicable to this adversary proceeding by virtue of Fed. R.Bankr.P. 7015, an amended complaint relates back to the original complaint only when the facts set forth in the original complaint could give rise to the theory asserted in the amended complaint. However, if the amended complaint asserts a completely new cause of action, the amendment does not relate back to the original complaint. *In the Matter of Unroe*, 937 F.2d 346 (7th Cir.1991); *In re Barnes*, 96 B.R. 833, 837 (Bankr.N.D.Ill.1989).

Here, the Trustee's original complaint did not in any way suggest facts which could give rise to the Trustee's § 549 claim. Thus, the amended complaint does not relate back to the original complaint.